

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| CREWS & ASSOCIATES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SBU, INC., a Missouri corporation; | ) |
| | ) |
| SBU of IL, INC., an Illinois corporation; | ) |
| | ) |
| SBU, INC., a Florida corporation; | ) |
| | ) |
| Flag Finance Corporation, a Missouri corporation; | ) |
| | ) |
| James R. Gibson | ) |
| | ) |
| CIBC WORLD MARKETS CORP., a | ) |
| Delaware corporation (formerly Oppenheimer | ) |
| & Co., Inc., a Delaware corporation), | ) |
| Serve: W. David Wells | ) |
| THOMPSON COBURN | ) |
| One Firstar Plaza | ) |
| St. Louis Missouri 63101; | ) |
| | ) |
| and MARTINA MERTENS STONE, individually | ) |
| and as the representative of all other persons | ) |
| similarly situated | ) |
| Serve: C. Thomas Ducey | ) |
| DUCEY & ASSOCIATES, P.C. | ) |
| #20 Bronze Pointe | ) |
| Belleville, Illinois 62220; | ) |
| | ) |
| Defendants; | ) |
| | ) |
| JERRY FERGUSON | ) |
| Serve: Todd W. Ruskamp | ) |
| SHOOK, HARDY & BACON, L.L.P. | ) |
| One Kansas City Place | ) |
| 1200 Main Street | ) |
| Kansas City, Missouri 64105; | ) |
| | ) |
| Intervenor. | ) |

Cause No. 4:99CV02052 ERW

**JURY TRIAL
DEMANDED**



## AMENDED COMPLAINT FOR INTERPLEADER, DECLARATORY JUDGMENT AND DAMAGES

COMES NOW the Plaintiff, Crews & Associates, Inc. ("Plaintiff" or "Crews") and for this its Amended Complaint for Interpleader, Declaratory Judgment and Damages, upon information and belief, states, alleges and avers:

### JURISDICTION

1.     The Plaintiff brings this action as an interpleader action pursuant to Fed. R. Civ. P. Rule 22, Interpleader. The amount in controversy exceeds the sum or value of $75,000 as more fully described and pled herein and which is referred to as the "Interpled Assets." This action is between citizens of different States and there is complete diversity of citizenship as between the Plaintiff and the Defendants, as more particularly described and pled herein.

2.     This action is also brought under the provisions, including jurisdiction of 28 U.S.C. § 1335, Interpleader. As more fully pled herein, the Plaintiff has money or property in its custody or possession exceeding the value of $500 – see the "Interpled Assets."

3.     There are two or more adverse claimants to the Interpled Assets, as follows:

     (a).     Flag Finance Corporation, a Missouri corporation;

     (b).     SBU, Inc., a Missouri corporation;

     (c).     SBU of Illinois, Inc., an Illinois corporation;

     (d).     SBU, Inc., a Florida corporation;

     (e).     CIBC WORLD MARKETS CORP., a Delaware corporation, formerly Oppenheimer & Co., Inc, a Delaware corporation; and

     (f).     Members of the Beneficiary Defendant Class which, based on information and belief, reside in the states of Illinois, Florida, Missouri and Oregon.

F:\cr303\99260\99722184.WPD

4.    The Plaintiff also brings this case as a declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and legal relations as between the Plaintiff and each of the following:

(a).    Who has a claim to any or all of the Interpled Assets, the nature of the claim and the final disposition of all such claims;

(b).    Crews does not have any liability with respect to the Interpled Assets as to any of the Defendants including each and every member of the Beneficiary Defendant Class; and

(c).    Crews does not have any liability based on any theory or cause of action to any of the Defendants including each and every member of the Beneficiary Defendant Class.

5.    This Court's jurisdiction over Plaintiff's declaratory judgment action is based on 28 U.S.C. § 1332 because it is a controversy between citizens of different States, there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.    The Plaintiff also brings this action for damages against the separate defendant Flag Finance Corporation and the Court has jurisdiction of Plaintiff's damage claim based on 28 U.S.C. § 1332 because it is a controversy between citizens of different States, there is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

7.    Numerous acts and events which give rise to the claims and disputes alleged herein or which are otherwise relevant to the claims and disputes alleged herein occurred within the boundaries comprising the United States District Court for the Eastern District of Missouri, Eastern

Division.  Further, the Separate Defendants SBU, Inc., a Missouri corporation, and Flag Finance

Corporation for the period of time relevant to this Amended Complaint had a principal place of

business located at 720 Olive Street, St. Louis, Missouri 63101 and a place of business located at

1950 Craig Road, St. Louis, Missouri 63146.  Further, the Separate Defendant CIBC WORLD

MARKETS CORP., a Delaware corporation, formerly Oppenheimer & Co., Inc., a Delaware

corporation, for all relevant times herein had a place of business located at 7701 Forsyth Boulevard,

St. Louis, Missouri 63105.

## PARTIES

8.      The Plaintiff, Crews & Associates, Inc., is an Arkansas corporation with its principal

place of business located at 124 West Capitol Avenue, Little Rock, Arkansas.  Crews is a securities

broker-dealer which has registrations with the United States Securities and Exchange Commission

and the Arkansas Securities Department and which is a member of the National Association of

Securities Dealers, Inc.  At all times and for all relevant events, Crews conducted its operations and

acted within its principal place of business located in Little Rock, Arkansas.  Crews is a citizen of

Arkansas.

9.      The separate Defendant SBU, Inc., a Missouri corporation ("SBU-Missouri"), had

and continues to have its principal place of business located at 720 Olive Street, St. Louis, Missouri

63101 and a place of business located at 1950 Craig Road, St. Louis, Missouri 63146.  The franchise

of SBU-Missouri was revoked for failure to pay the requisite franchise tax. SBU-Missouri is a citizen

of Missouri.

10.     The separate Defendant SBU of Illinois, Inc., an Illinois corporation ("SBU–Illinois"),

upon information and belief, has a place of business located at 720 Olive Street, St. Louis, Missouri

63101 and a place of business located at 1950 Craig Road, St. Louis, Missouri 63146.  SBU-Illinois

## BENEFICIARY DEFENDANT CLASS

16.     The "Beneficiary Defendant Class" consists of Stone and all persons, whether in an individual, representative or agency capacity, or an heir, legatee, devisee or assignee of a member of the class, or a nominee or beneficial owner of a member of the class, who entered into or are, or were, to receive any payment relating to or from (a) a structured settlement upon which any payment obligation was assigned to and/or assumed by SBU-Missouri, SBU-Illinois, SBU-Florida (collectively "SBU"), Flag, Gibson or any entity or person affiliated with SBU, Flag or Gibson; or (b) a trust for which SBU, Flag, Gibson or any entity or person affiliated with SBU, Flag or Gibson was the grantor or trustor relating to a structured settlement upon which any payment obligation was assigned to and/or assumed by SBU, Flag, Gibson or any entity or person affiliated with SBU, Flag or Gibson; or (c) any trust or other agreement in which SBU, Flag, Gibson or any entity or person affiliated with SBU, Flag or Gibson was obligated by assignment, assumption, operation of law and/or order of any court or tribunal to cause the payment of a structured settlement to be made, including, but not limited to, an express trust, implied trust, constructive trust or resulting trust.

17.     On information and belief, members of the Beneficiary Defendant Class reside in Illinois, Missouri, Florida and Oregon and none are believed to be citizens of Arkansas.

18.     Stone is an adequate representative of the Beneficiary Defendant Class.

19.     Stone was the Plaintiff in the matter of <u>Martina Mertens Stone v. James Gibson, Marjori Gibson; Jacquline Gibson, SBU, Inc.; SBU of Illinois, Inc.; SBU of Florida, Inc.; Charles Lehnbueter; Oppenheimer Funds, Inc.; Crews & Associates, Inc.; Illinois State Trust n/k/a Magna, NA n/k/a Union Planters Bank; B.D.O. Seidman, a partnership; and Flag Finance Corporation,</u> Madison County, Illinois, Third Judicial Circuit Court, Case No. 99 L 977 (alternately "Stone Action" or "Stone Complaint") filed October 7, 1999. In her complaint, Stone alleged that she was an adequate class representative for a class described as "the Plaintiff [Stone] and all persons who

F.\cr303\99260\99722184.WPD

entered in a structured settlement with 'SBU' and James Gibson." Stone Action complaint Count XXV, ¶ 2.

20.     On August 24, 2000, Stone moved the Third Judicial Circuit Court to voluntarily dismiss her Stone Action. Such Motion was granted the same day. Upon information and belief, at the time this Amended Complaint was filed, said Stone Action had not been re-filed in any court.

## OTHER FACTS

21.     Allegiant Bank ("Allegiant Bank") has a principal place of business in St. Louis, Missouri and no place of business in Illinois. Allegiant Bank receives monies from at least Crews, at the instruction of Flag, the trustee, and disburses such monies to some persons who are members of the Beneficiary Defendant Class. Allegiant Bank's receipt and disbursement occurs in Missouri. Further, it is believed that Allegiant Bank holds monies against which claims may be made by members of the Beneficiary Defendant Class, Flag or SBU. Allegiant Bank holds such monies in Missouri.

22.     During the period from 1995 through 1998, Crews, at the instructions of SBU or Flag, transferred some bonds to CIBC/Oppenheimer in CIBC/Oppenheimer accounts with the Bank of New York, New York, New York. CIBC/Oppenheimer may still hold such bonds or monies therefrom and, if so, such bonds or monies would not be held in Illinois.

23.     The bonds and monies held by Allegiant Bank, CIBC/Oppenheimer, as well as the Interpled Assets, should be collected in a single court of competent jurisdiction which court can hear and decide all claims against such bonds and monies and make the appropriate orders to protect and disburse such bonds and monies. Crews respectfully submits that the United States District Court for the Eastern District of Missouri is the proper court of competent jurisdiction to take control of such bonds and monies and protect and disburse them to the proper claimants.

24.     For a period of years, beginning at least as early as December 1985, individual

members of the Beneficiary Defendant Class initiated personal injury law suits against various defendants, none of which are defendants in this litigation.  Crews was not a defendant in any of the actions.

26.     The individual members of the Beneficiary Defendant Class settled their claims on a structured payout basis.  See Exhibit 1 hereto, Stone Settlement Agreement.

26.     Individual members of the Beneficiary Defendant Class would then enter into agreements entitled "Assignment, Assumption And Novation Agreement" ("Assumption Agreement") whereby an SBU entity would assume the obligation to pay the underlying Settlement Agreement.  See Exhibit 2 hereto, Stone Assignment, Assumption and Novation Agreement.

27.     Pursuant to the Assumption Agreement, an SBU entity would create a separate trust whereby an SBU entity would be the trustor-grantor and beneficiary of the trust and another person or entity would be the trustee.  An example of such a trust is attached hereto as Exhibit 3, Stone Trust Agreement.

28.     From the descriptions contained in Exhibits 1, 2 and 3, it appears that an SBU entity obligated itself to acquire bonds and place those bonds into various trusts to the individual members of the Beneficiary Defendant Class.

29.     Beginning in 1993 and continuing thereafter, one or more of the SBU Entities opened securities accounts with Crews.  In the securities accounts with Crews, SBU placed orders for the purchase of various bonds.  SBU timely paid for all for its purchases.

30.     From 1993 through a time in 1995, when SBU purchased bonds in its securities accounts with Crews, SBU instructed Crews to have the bonds delivered to one or more financial institutions.  Crews followed SBU's instructions and delivered SBU's bonds to various financial institutions.

31.     Later, at SBU's request and instruction, one of the banks, First National Bank of

Carbondale, Carbondale, Illinois ("CDale") opened a safekeeping account with Crews. Pursuant to the safekeeping agreement, Crews safekept bonds for CDale, the trustee.

32.     In 1995, Flag became the successor trustee to CDale, whereupon Flag opened safekeeping accounts at Crews and Crews safekept securities for Flag, the successor trustee.

33.     The bonds held in safekeeping by Crews were generally United States Government Bonds, some of which paid interest, some of which were stripped (principal only) and others of which had maturities while in safekeeping.  Because of bond interest paid or principal paid upon maturity, Crews did and does, from time to time, receive cash into the accounts.  Also, from time to time, Crews received instructions from the trustee, Flag as the successor trustee, to forward such cash to a bank.

34.     Throughout the entire relevant time Crews was a stranger to each and every underlying trust such as the Stone Trust as indicated in Exhibit 3 hereto, Trust Agreement.

35.     At all relevant times, Crews was acting for either an SBU entity or a trustee.

### INTERPLEADER

36.     The allegations, averments and statements stated, referred to or incorporated by reference in paragraphs number 1 through 35 herein, are incorporated by reference into Plaintiff's request for Interpleader herein.

37.     At the time Crews filed the above captioned action on December 29, 1999, it held bonds and cash in certain accounts identified as follows:

| Account Number | Account Name | Approximate Fair Market Value At 12/20/99 |
|---|---|---|
| 15159 | Flag Finance Corp. TTEE f/SBU, Inc. of Missouri | $4,208,813 |
| 15161 | Flag Finance Corp. TTEE f/SBU, Inc. of Illinois | $2,988,490 |

9

| 15160 | Flag Finance Corp. TTEE f/SBU, Inc. of Florida | $ 313,536 |
|-------|-----------------------------------------------|-----------|
| Total |                                               | $7,510,839 |

38.     Crews held the bonds and cash in the accounts listed in the Exhibit 4 materials (account statements and valuation schedules and statements for each Flag account specified in paragraph number 37 above) which are collectively referred to as the "Interpled Assets."

39.     Crews interpled into this Court the Interpled Assets as reflected by the receipts of this Court, attached hereto as Exhibit 5.

40.     Crews has no claim to the Interpled Assets.

41.     On information and belief, the following entities or persons are making or may make claims against the Interpled Assets:

      (a).     Flag;

      (b).     SBU;

      (c).     CIBC/Oppenheimer; and

      (d).     Members of the Beneficiary Defendant Class.

42.     The records of Crews show that the Interpled Assets are owned by SBU or were held in safekeeping for Flag, the trustee.

43.     Crews is a stranger to all of the trusts, the beneficiaries of the trusts and the members of the Beneficiary Defendant Class.

44.     Crews has received a letter dated November 16, 1999, with a transmittal Fax sheet, both are attached hereto as Exhibit 6 ("Flag Instructions"), wherein Flag instructs Crews to wire monies to Allegiant Bank. Crews has not wired such monies. Instead, since there is a dispute among the members of the Beneficiary Defendant Class concerning who should receive such monies, Crews is including such monies in the Interpled Assets as set forth in paragraph 37 and Exhibits 4 and 5.

45.     Crews is in a precarious position regarding the monies addressed by the Flag Instructions and other Interpled Assets.  Crews cannot participate in the distribution of monies or bonds in the face of the allegations in the Stone Complaint that there is not enough money and bonds to pay all members of the Beneficiary Defendant Class.  Crews was never part of the process of creating the various trusts for the Beneficiary Defendant Class and Crews only knows that it holds the Interpled Assets for SBU or Flag, the trustee.

46.     The protection of a court of competent jurisdiction is required.

47.     On information and belief, CIBC/Oppenheimer made a loan to Gibson and/or SBU collateralized by some trust assets.  It is possible, but unknown, that CIBC/Oppenheimer may also have a claim against some or all of the Interpled Assets.

## DECLARATORY JUDGMENT

48.     The allegations, averments and statements stated, referred to or incorporated by reference in paragraphs number 1 through 47 herein, are incorporated by reference into Plaintiff's request for Declaratory Judgment herein.

49.     Plaintiff is entitled to and respectfully requests a Declaratory Judgment as to each of the following:

(a).     Who has a claim to any or all of the Interpled Assets, the nature of the claim and the final disposition of all such claims;

(b).     Crews does not have any liability with respect to the Interpled Assets as to any of the Defendants including each and every member of the Beneficiary Defendant Class; and

(c).     Crews does not have any liability based on any theory or cause of action to any of the Defendants including each and every member of the Beneficiary Defendant Class.

## DAMAGES FROM FLAG - INDEMNITY

50.     The allegations, averments and statements stated, referred to or incorporated by reference in paragraphs number 1 through 49 herein, are incorporated by reference herein into Plaintiff's request for Damages and/or Indemnity from Flag.

51.     Crews began its safekeeping function with CDale, the trustee, which agreed to indemnify and hold Crews harmless from any liability, loss, claim, damage or expense that may occur.   The Crews Customer Agreement, attached hereto as Exhibit 7, memorialized this indemnification and hold harmless agreement between Crews and CDale.

52.     Flag is the successor trustee to CDale and assumed all obligations of CDale including its indemnity obligation to Crews.

53.     Crews has a claim for indemnity and hold harmless against Flag.

54.     Crews seeks full and complete damages against Flag pursuant to Flag's indemnity and hold harmless obligation to Crews and a judgment against Flag for damages in the amount of Three Billion Dollars ($3,000,000,000) or such other amount exceeding Seventy-Five Thousand Dollars ($75,000) as may be proved at trial.

## DEMAND FOR JURY TRIAL

55.     The Plaintiff demands trial by jury on all issues which may properly be tried by jury.

WHEREFORE, the Plaintiff hereby respectfully prays for judgment and other actions and orders by the Court as follows:

A.      Receipt, acceptance, administration and ultimate disposition of the Interpled Assets;

B.      A declaratory judgment that Crews has no liability to any claimant as to the Interpled Assets including each and every member of the Beneficiary Defendant Class;

C.      A declaratory judgment that Crews has no liability to any of the Defendants including each and every member of the Beneficiary Defendant Class;

F:\cr303\99260\99722184.WPD

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into as of the 20th day of December, 1985 in the case of Plaintiff Martina Mertens vs Defendant Victoria Cookson.

## RECITALS

A.    In the Circuit Court of the 20th Judicial Circuit, St. Clair County, Illinois, Plaintiff Martina Mertens filed a Petition, (herinafter called "the Petition") against Defendant Victoria Cookson, and being cause number 80-L-802, which Petition arose out of certain alleged negligent acts or omissions by the Defendant.

B.    The parties hereto desire to enter into a settlement in order to provide for full settlement and discharge of all claims, cross-claims and controversies which are or could be the subject of the litigation on the terms and conditions set forth herein.

NOW THEREFORE, it is hereby agreed as follows:

1.    In consideration of the payments provided for herein, and other considerations to be paid outside this instrument, Plaintiff Martina Mertens hereby releases and forever discharges the Defendant Victoria Cookson and her past, present and future officers, directors, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, partners, predecessors and successors in interest and assigns and all other persons, firms, or corporations, of and from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongf

**PLAINTIFF'S**
**EXHIBIT**
1

death claims, claims for loss of services, comfort and society,

personal injury, rights, damages, costs, expenses and compensation

of any nature whatsoever, and whether for compensatory or punitive

damages, which Plaintiff now has, or which may hereafter accrue or

otherwise be acquired, on account of, or in any way growing out of,

or which are the subject of, the Petition (and all related

pleadings), including, without limitation, any and all known or

unknown claims for bodily and personal injuries to the Plaintiff,

and the consequences thereof, which have resulted or may result

from the alleged negligent acts or omissions of the Defendant.

This release and discharge shall be a fully binding and complete

settlement between and among all the parties to this Settlement

Agreement and all parties represented by or claiming through such

parties, save only and excepting the executory-provisions of the

Settlement Agreement.

Plaintiff understands that she may have suffered injuries and

losses that are unknown to her at present and that unknown

complications may arise in the future.  She acknowledges that the

sums paid in consideration of this Settlement Agreement are

intended to and do release and discharge any claims by her in

regard to such unknown or future complications.

2.   It is understood and agreed by and between the parties

hereto that Victoria Cookson may, as a matter of right, and in her

sole discretion, assign her duties and obligations as set forth

herein with respect to the payments to Martina Mertens to SBU, INC.

and the First Executive Corporation and that such assignment, if

SETTLEMENT AGREEME...                                    Page 3
Mertens vs Cookson

made, shall be and is accepted by Martina Mertens, without right of

rejection and in full discharge and release of the duties and

obligations of Victoria Cookson.  In the event Victoria Cookson

assigns the duties and obligations as provided herein, it is

understood and agreed by and between the parties that SBU, INC., or

some other assignee or agent may mail said payments directly to

Martina Mertens and it is further understood and agreed by and

among all parties that all sums so paid are paid in settlement of

claims for personal losses sustained by the Plaintiff.

    3.   Victoria Cookson or her assignees as provided for herein,

hereby agree to make payments in the following manner:

    A.   To Martina Mertens, the sum of $3,000 on February 1, 1986

and thereafter the sum of $3,000 each and every month ending with

redemption of the U.S. Treasury Bonds or the payment due on

September 1, 2014 whichever is earlier.  On September 1, 2014, or

earlier should the U.S. Treasury Bonds be called, the face amount

of the U.S. Treasury Bonds ($300,000) will be paid to the

Plaintiff.  (See Article III, Paragraph 3, of Exhibit "1" the Trust

Agreement for an explanation of the early call provision.)  In

addition, a periodic lump sum payment will be made to Plaintiff on

February 1, each of the following years, respectively:  $15,000 in

1991; $25,000 in 1996; $50,000 in 2001; $75,000 in 2006 and finally

$100,000 in 2011 to end the lump sum payments.  (See the attached

payment schedule marked Exhibit "A".

    B.   Should Martina Mertens survive beyond September 1, 2014,

a life annuity with no period certain will commence payments on

SETTLEMENT AGREEME                                          Page 4
Mertens vs Cookson

October 1, 2014 as follows:  to Martina Mertens the sum of $3,000

per month for so long as she lives, with no period certain.

4.   To assure the ready availability to SBU, INC. of funds

payable under paragraph 3 of this Agreement, to serve as a medium

for payment of said funds, and to assure payment of such funds,

Victoria Cookson or her assignees, following an assignment pursuant

to Paragraph 2 hereof, will, upon and concurrent with the execution

of the Settlement Agreement establish a Trust, copy of which is

attached hereto, marked Exhibit "1", and made a part hereof.

Victoria Cookson or her assignees, if there is an assignment

pursuant to Paragraph 2 hereof, will be the Trustor and sole

beneficiary of the Trust.  The entire income of the Trust will be

included either in the income of Victoria Cookson or of her

assignees, if an assignment is made under Paragraph 2 hereof.  If

there is such assignment (and same is being made and accepted

contemporaneously herewith), then all income to the Trust, marked

Exhibit "1" hereto, will be included in the income of the assignees

and in no event thereafter shall such income be included in the

income of said Defendant.  The Plaintiff shall have no legal or

equitable interest, vested or contingent, in the Trust marked

Exhibit "1" hereto, and her rights against Victoria Cookson or her

assignees, following an assignment pursuant to Paragraph 2 hereof,

and the Trust, (marked Exhibit "1") shall be solely those of a

creditor.

Each payment made by the Trustee of the Trust (marked Exhibit

"1") shall discharge Victoria Cookson or her assignees following an

assignment pursuant to Paragraph 2 hereof, from liability under
this Settlement Agreement to the extent of such payment.
Notwithstanding any other provisions of this Settlement Agreement
Victoria Cookson, unless an assignment is made pursuant to
Paragraph 2 hereof, shall at all times remain directly responsible
for the payment of all sums and obligations contained in this
Settlement Agreement until such time as the terms of the Settlement
Agreement are fully satisfied.  If an assignment is made pursuant
to Paragraph 2 hereof, then upon such assignment Victoria Cookson
shall be released from all such future obligations and the
assignees shall at all times remain directly and solely responsible
for the payment of all such sums and obligations in accordance with
the specific terms of the Assignment, Assumption and Novation
Agreements.

        5.   Except as set forth herein, each party to said action
shall bear his, her or its own costs, fees and other expenses,
except for taxable court costs in the aforementioned pending
litigation which shall be paid by Victoria Cookson.

        6.   The Plaintiff, Martina Mertens agrees and acknowledges
that she accepts payment of the sums specified in this Settlement
Agreement and other considerations to be paid outside this
instrument as a full and complete compromise of the matters
involving disputed issues; that neither payment of the sums by
Defendant or her assignees nor the negotiations for this settlement
(including all statements, admissions or communications) by the
Defendant, and their attorneys or representatives, shall be

SETTLEMENT AGREEME.                                    Page 6
Mertens vs Cookson

considered admissions by Victoria Cookson and that no past or
present wrongdoing on the part of the Defendant shall be implied by
such payment or negotiations.

    7.    In further consideration of the agreements and payments
and obligations herein, it is understood that the pending lawsuit
and all existing and potential claims, cross-claims, and
liabilities between and among the parties, shall be dismissed with
prejudice to any and all further or future litigation and
controversy in the premises.  It is understood and agreed that this
is a full and complete settlement of all such controversies, actual
or potential, by and bewteen Plaintiff Martina Mertens and
Defendant Victoria Cookson.

    8.    It is anticipated and contemplated, through documents
executed contemporaneously herewith, that Defendant Victoria
Cookson will cause a lump sum payment to be made to SBU, INC. and
that SBU, INC. and the First Executive Corporation will in turn
assume all further duties and obligations under the Settlement
Agreement running in favor of Martina Mertens leaving no further
responsibility whatever on the part of Defendant.  Upon such
assignment, existence of which is acknowledged, Martina Mertens
agrees and accepts said assignment and hereby covenants that
neither the Plaintiff, nor anyone acting on her behalf in any
capacity, will assert or permit to be asserted any further claims,
suit or demand against the Defendant for any reason whatsoever in
connection with or related to these arrangements.

SETTLEMENT AGREEM.                                    Page 7
Mertens vs Cookson

9.   This Settlement Agreement contains the entire agreement
between the Plaintiff Martina Mertens and Defendant Victoria
Cookson with regard to the matters set forth in it and shall be
binding upon and inure to the benefit of the parties hereto,
jointly and severally, and executors, administrators, personal
representatives, heirs, successors (including without limitation,
any Trustee of the assets of Martina Mertens or successor guardian
of the person or estate of Martina Mertens and assigns of each.)

10.   This Settlement Agreement is entered into in the State of
Illinois and shall be construed and interpreted in accordance with
its laws.

11.   In entering into this Settlement Agreement, the Plaintiff
represents that she has relied upon the advice of her attorneys,
who are attorneys of her own choice, and that the terms of this
Settlement Agreement have been completely read and explained to her
by her attorneys, and that those terms are fully understood and
voluntarily accepted by her.

12.   All parties agree to cooperate fully and to execute any
and all supplementary documents and to take all additional actions
that may be necessary or appropriate to give full force and effect
to the basic terms and intent of this Settlement Agreement, and
which are not inconsistent with its terms.

13.   This settlement is not subject to approval by the court
and shall be effective as of the date of execution.

14.   The parties hereto, as well as the First Executive
Corporation, agree that an appropriate court of Illinois, State or

SETTLEMENT AGREEN                                    Page 8
Mertens vs Cookson

Federal, shall have jurisdiction to resolve any disputes regarding

the rights, duties, obligations, and other matters arising from

this Settlement Agreement and certain Assignment, Assumption and

Novation Agreements between Martina Mertens, Victoria Cookson, SBU,

INC., Illinois State Trust Company and First Executive Corporation.

Executed by the parties hereto as of the ...........day of

............., 19...

PLAINTIFF:                          DEFENDANT:

.............................       ...............................


COUNSEL FOR PLAINTIFF:              COUNSEL FOR DEFENDANT:

.............................       ...............................

### ASSIGNMENT, ASSUMPTION AND NOVATION AGREEMENT

THIS AGREEMENT is made and entered into as of the 20th day of December, 1985 by and among Victoria Cookson Defendant; SBU, INC., a Missouri corporation; and Martina Mertens (Plaintiff).  This Agreement is not subject to court approval and shall become effective on the date of execution.

### RECITALS

A.    On or about 1980, Plaintiff, Martina Mertens, filed a Petition against Defendant Victoria Cookson in the Circuit Court, 20th Judicial Circuit, St. Clair County, Illinois which Petition arose out of certain alleged negligent acts or omissions by the Defendant.

B.    By separate agreement, the Plaintiff and Defendant have entered into a compromise settlement (the "Settlement Agreement") of that litigation whereby the Defendant agreed to make certain periodic and lump sum payments set forth in Paragraph 3(A) of the Settlement Agreement to the Plaintiff in full satisfaction of all claims Plaintiff may have against the Defendant.

C.    Pursuant to the Settlement Agreement, the Defendant may assign all of her duties and obligations with respect to the periodic and lump sum payments set forth in Paragraph 3(A) of the Settlement Agreement to SBU, INC. and that upon said assignment and assumption Defendant's obligation to Plaintiff thereunder shall be extinguished in accordance with Paragraph 8 of the Settlement Agreement.  Further, to assure the ready availability to Defendant

PLAINTIFF'S
EXHIBIT
2

ASSIGNMENT, ASSUMPTION AND NOVATION AGREEMENT          Page 2
Mertens vs Cookson

or her assignee of funds payable under the Settlement Agreement, to
serve as a medium for payment of said funds, SBU, INC. may
establish a trust and purchase appropriate bonds payable to the
trust as described in the Settlement Agreement, and marked as
Exhibit "1" thereto.

D.   The parties desire to enter into this Assignment,
Assumption and Novation Agreement to provide for the assignment to
SBU, INC. of Defendant's obligations to make said payments and to
discharge and extinguish the obligations of Defendant, upon the
terms and conditions set forth herein.

NOW THEREFORE, it is hereby agreed as follows:

1.   Assignment, Assumption and Novation of Obligations.
Subject to the terms and conditions of this Agreement and pursuant
to the terms of the Settlement Agreement, the Defendant hereby
assigns to SBU, INC. and SBU, INC. hereby assumes, the obligations
of the Defendant to make the payments commencing on February 1,
1986 and more particularly described in Paragraph 3(A) of the
Settlement Agreement and Exhibit "A" attached thereto as follows:

(a)   SBU, INC. assumes all obligations to the extent of the
bonds referred to in the trust agreement, Exhibit "1", and all
income and lump sum payments provided by said bonds, and only to
that extent, as more particularly described in Paragraph 3(A) of
the Settlement Agreement and Exhibit "A" attached thereto.

ASSIGNMENT, ASSUMPTION AND NOVATION AGREEMENT          Page 3
Mertens vs Cookson


(b)   SBU, INC. shall not assume and shall have no liability

whatsoever with respect to any obligation that is not set forth in

Paragraph 3(A) of the Settlement Agreement.

(c)   It is further understood, by and between the parties that

the substitution of SBU, INC. to pay the obligations of Defendant

constitutes a novation discharging and extinguishing forever the

obligations of Defendant as set forth in Paragraph 3(A) of the

Settlement Agreement.

2.   <u>Payment by Defendant</u>.   In consideration of the assumption

by SBU, INC. of the obligations set forth in Paragraph 1 hereof,

the Defendant shall deliver to SBU, INC., concurrently with the

execution of this Agreement, a check made payable to SBU, INC. in

an amount sufficient to fund said obligations.   However, this

assignment, assumption and novation shall not be binding upon SBU,

INC. or the Plaintiff until such time as SBU, INC. has received

"good funds" on all such checks/drafts.

3.   <u>Establishment of Trust</u>.   SBU, INC. hereby agrees that,

promptly following the execution of this Agreement, SBU, INC. will

use the entire amount of funds transferred to it pursuant to

Paragraph 2 hereof to establish, as trustor and as beneficiary, the

trust described in and attached as Exhibit "1" to the Settlement

Agreement and to purchase appropriate bonds payable to said trust;

provided, however, that it is understood and agreed that a fee will

be paid to SBU, INC. from the funds paid to SBU, INC.

4.   <u>Approval of Assignment, Assumption and Novation</u>.

Plaintiff Martina Mertens, hereby consents to and approves the

ASSIGNMENT, ASSUMPTION AND NOVATION AGREEMENT          Page 4
Mertens vs Cookson

assignment, assumption and novation set forth in this Agreement,
which assignment, assumption and novation, upon delivery by
Defendant of the check described in Paragraph 2 hereof and
collection of "good funds" on such checks/drafts, shall discharge
all of Defendant's obligations under Paragraph 3(A) of the
Settlement Agreement and relating to the Trust Agreement (attached
as Exhibit "1" to the Settlement Agreement).  Plaintiff Martina
Mertens further agrees that SBU, INC.'s obligation to make each
periodic payment shall be discharged upon the mailing of valid
checks in the amounts of said payments to the persons and at the
addresses designated by Plaintiff or counsel for Plaintiff, and
SBU, INC. shall not be liable for failure of the appropriate
persons to receive said checks if checks are so mailed.  SBU, INC.
agrees that it will instruct (and not revoke said instructions) the
Trustee under the Trust Agreement (Exhibit "1" to the Settlement
Agreement) to make the periodic payments described in Paragraph
3(A) and Exhibit "A" of the Settlement Agreement directly to the
respective persons and as such addresses as may be designated in
writing by the Plaintiff or by counsel of Plaintiff.

        5.    Cooperation and Further Instruments.  The parties hereby
agree to cooperate fully and take all further actions and execute
all further instruments as may be necessary or appropriate in order
to carry out the purposes of this Agreement.

        6.    Successors; Authorization.  This Agreement contains the
entire Agreement between the parties with regard to the matters set
forth in it and shall be binding upon and inure to the benefit of

ASSIGNMENT, ASSUMPTION AND NOVATION AGREEMENT        Page 5
Mertens vs Cookson

the parties hereto, jointly and severally, and the executors,
administrators, personal representatives, heirs, and successors.

    7.    Governing Law.  This Agreement is entered into in the
State of Illinois and shall be construed and interpreted in
accordance with its laws.

    8.    The parties hereto, as well as the Illinois State Trust
Company, agree that the courts of Illinois, State or Federal, shall
have jurisdiction to resolve any disputes regarding the rights,
duties, obligations and other matters arising from this Assignment,
Assumption and Novation Agreement and a certain Settlement
Agreement referred to herein, both dated 20th day of December, 1985
together with any trust established in accordance therewith, by,
between and among SBU, INC. and the Illinois State Trust Company.

    9.    Illinois State Trust Company's signature to this document
shall be construed as an acknowledgement of the jurisdiction of the
Courts of Illinois, State or Federal, to resolve any dispute
herein.  It shall not be construed as an admission of liability or
as an assumption of any liability created by this Assignment,
Assumption and Novation Agreement.

ASSIGNMENT, ASSUMPTION AND NOVATION AGREEMENT      Page 6
Mertens vs Cookson


        Executed by the parties hereto as of the .......day of
......., 19...

Plaintiff:                        Defendant:

.............................     .................................


SBU, INC.:                        Illinois State Trust Company:

BY...........................     BY..............................
Title:                            Title:

EXHIBIT 1

## TRUST AGREEMENT

This Trust Agreement is entered into between SBU, INC., herein called "the Trustor", and ILLINOIS STATE TRUST COMPANY, an Illinois corporation, herein called "the Trustee."

## ARTICLE I

This Trust Agreement is being entered into pursuant to a certain Assignment and Assumption Agreement and a certain Settlement Agreement (both of which are dated as of the 20th day of December, 1985) relating to the case of Martina Mertins, Plaintiff vs. Victoria Cookson, Defendant, in the Circuit Court, 20th Judicial Circuit, St. Clair County, Illinois and being cause number 80-L-802.  This Trust Agreement and the Settlement Agreement and the Assignment and Assumption Agreement are not subject to approval by the court, and shall be effective as of the date of execution.

## ARTICLE II

## THE TRUST ESTATE AND

## INVESTMENT OF THE TRUST ESTATE

In accordance with the terms of said Assignment and Assumption Agreement, the Trustor is transferring to the Trustee $300,000 par value marketable United States Treasury Bonds bearing a coupon  terest at 12.5% annually,  id bonds



PLAINTIFF'S
EXHIBIT
3

TRUST AGREEMENT                                            Page 2
Mertens vs. Cookson

maturing on August 15, 2014.  Coupon interest is payable
semiannually on February 15 and August 15 of each calendar
year.  United States "Zero Coupon" Treasury Bonds will be
added to the trust in the following face amounts:  $15,000;
$25,000; $50,000; $75,000 and $100,000.  Said bonds are to be
retained in the trust estate and not disposed of except to
carry out the distribution provisions set out in Article III
hereof.

     Said Bonds shall be held by said Trustee in a segre-
gated account.

     The Bonds above described shall constitute the trust
estate and shall be held, administered and distributed as herein
set forth.

## ARTICLE III

### DISTRIBUTION OF NET INCOME AND PRINCIPAL

     1.   Until the termination of this trust as herein
set forth, payments for and on behalf of the Trustor, and in
pro tanto satisfaction of the Trustor's obligations as set
forth in said Settlement Agreement and in said Assignment and
Assumption Agreement, shall be made out of the income or prin-
cipal of the trust as follows:

     (A)   To Plaintiff Martina Mertens periodic payments
in the amount of $3,000 on February 1, 1986 thereafter $3,000
each and every month ending with the final periodic payment



TRUST AGREEMENT                                              Page 3
Mertens vs. Cookson

due on September 1, 2014, or at bond redemption, whichever
is earlier.  In addition, a periodic lump sum payment will be
made to Plaintiff on February 1, each of the following years,
respectively:  $15,000 in 1991; $25,000 in 1996; $50,000 in
2001; $75,000 in 2006, and finally, $100,000 in 2011 to end the
lum sum payments.  See the attached payment schedule marked
Exhibit A.

    (B)  The balance of any net income, if any, after all
costs, expenses and principal have been paid or provided for
(including the Trustee's compensation), shall be paid to the
Trustor.

    2.    This trust shall terminate on September 1, 2014,
and the remaining trust estate, after all costs and expenses
have been paid or provided for (including the Trustee's compen-
sation), shall thereupon be distributed for and on behalf of
the Trustor, and in <u>pro tanto</u> satisfaction of the Trustor's
obligations as set forth in said Settlement Agreement and in
said Assignment and Assumption Agreement, as follows:

    (A)  The sum of $300,000, par value of the United
States Treasury Bonds, and any "Zero Coupon" Treasury Bonds due
on trust termination, if any, as specified above, Article III,
Paragraph 1(A).

    (B)  Any remaining trust estate to the Trustor.

    3.    Notwithstanding any provisions hereof to the
contrary at any time after August 15, 2009 and prior to
August 15, 2014 upon written direction of the Trustor, the

TRUST AGREEMENT                                              Page 4
Mertens vs. Cookson

Trustee shall pay and distribute to the Plaintiff proceeds from the sale or redemption of the United States Treasury Bonds (i.e., the $300,000 par value marketable United States Treasury Bonds bearing a coupon interest rate at 12.5 percent annually, said bonds maturing on August 15, 2014, and no other treasury bonds) as soon as practicable but no later than 10 days after the date of such sale or redemption of said Treasury Bonds, in **pro tanto** satisfaction of the Trustor's obligations as set forth in said Settlement Agreement and in said Assignment and Assumption Agreement, as follows:

(A)  To Plaintiff, an amount equal to the Periodic Payment multiplied by a fraction, the numerator of which is the number of days between the date of the most recent monthly payment made in accordance with paragraph 1(A) of this Article III hereof and the date of the actual payment by the trustee of the sum provided herein, and the denominator of which is 30.

(B)  To Plaintiff, the sum of $300,000 to be paid from proceeds of the sale or redemption of the United States Treasury Bonds bearing a coupon interest rate at 12.5 percent annually, said bond maturing on August 15, 2014 as described above in this Article III and in Article II, and no other Treasury Bonds.

(C)  Proceeds from all other financial instruments (i.e., the "Zero Coupon" Treasury Bonds) which fund periodic and/or lump sum payments shall be paid to the Plaintiff on the dates and in the amounts specified herein this Article III.

TRUST AGREEMENT                                      Page 5
Mertens vs. Cookson

Paragraph 1(A), and in said Settlement Agreement and in said
Assignment and Assumption Agreement.

(D)  This trust shall terminate on September 1, 2014.
Any remaining trust estate, after all costs and expenses have
been paid or provided for (including the Trustee's compensation),
to the Trustor.

4.   If Plaintiff Martina Mertens should die before
termination of this trust, the periodic and lump sum payments
to the said Plaintiff, as above set forth herein, and in pro
tanto satisfaction of the Trustor's obligations as set forth in
said Settlement Agreement and in said Assignment and Assumption
Agreement, shall be distributed at the times and as provided in
paragraphs 1, 2, and 3 of this Article III, to the estate of
Martina Mertens, provided, however, that the Trustee may first
pay all estate taxes, interest and penalties arising upon the
death of Plaintiff.


ARTICLE IV

THE TRUSTEE AND ITS COMPENSATION


1.   If the Trustee of this trust shall for any
reason cease to act as Trustee, the Trustor shall promptly
appoint a successor corporate Trustee, subject to confirmation
an appropriate court of the State of Illinois, State or
eral.  Upon acceptance of its appointment as successor
porate Trustee, and upon confirmation of such appointment by

TRUST AGREEMENT                                                    Page 6
Mertens vs. Cookson

such court, such successor corporate Trustee shall succeed to

all of the rights, powers, duties, titles, interests and dis-

cretions of such initial corporate Trustee with the same effect

as though such successor had originally been named as the

corporate Trustee hereunder.  If said Trustee shall so cease to

act as such, said Trustee and the Trustor shall give prompt

notice thereof to the persons entitled to receive the lump sum

and periodic payments provided for herein, and that Trustor

shall give those same persons prompt notice of any appointment

or proceedings to confirm the appointment of any such successor

corporate Trustee.

        2.   The Trustee of this trust shall be entitled to

reasonable compensation for its services hereunder.  The

compensation of said Trustee for its ordinary services hereunder,

which ordinary services shall include but not be limited to the

preparation of appropriate fiduciary income tax return, if any,

shall be be paid from the income of the trust estate and not

from principal.  Said trustee agrees that its annual compensa-

tion for such ordinary services shall equal the sum of $900.00.

SBU, INC. shall be entitled to an annual fee of $600.00 for its

services, payable out of the balance of the income.


                        ARTICLE V

                TRUSTEE MANAGEMENT PROVISIONS


        To carry out the purposes of this trust, and subject

TRUST AGREEMENT                                          Page 7
Mertens vs. Cookson

to any additions or limitations stated elsewhere herein, the
Trustee hereunder is vested with the following powers affecting
this trust and trust estate, in addition to those now or here-
after conferred by law:

    1.  To pay all fees (including the fee of the
Trustee), taxes, assessments, expenses, costs, charges, claims,
demands, penalties and liabilities imposed upon, incurred, or
arising in connection with the trust property and the adminis-
tration and management thereof in such manner as the Trustee
may deem advisable.  If sufficient funds are not then avail-
able, considering the other obligations of the Trust, all such
payments shall be made by the Trustor for such periods of time
that the terms of said Settlement Agreement and said Assignment
and Assumption Agreement remain to be performed.

    2.  To employ and consult with such agents, advisors
and legal counsel as the Trustee may deem advisable in connec-
tion with the Trustee's duties hereunder; and to determine and
pay said parties the reasonable value of their services rendered
from the trust estate so long as payments above outlined are
not affected; if there are insufficient trust funds available
to pay such expenses, considering the other obligations of the
trust, Trustor agrees to pay such expenses.  The Trustee shall
not be liable for any action taken or not taken in good faith
pursuant to the advice of legal counsel.

ARTICLE VI

GENERAL ADMINISTRATIVE PROVISIONS

TRUST AGREEMENT                                              Page 8
Mertens vs. Cookson

1.    Unless specifically limited, all discretion and
powers conferred upon the Trustee shall be absolute and the
exercise thereof conclusive on all persons howsoever interested
in this trust.  The enumeration of certain powers of the Trustee
shall not limit its general or implied powers or the powers
given the Trustee by law, except as may be otherwise provided
in this instrument.  In its fiduciary capacity, the Trustee
shall have all the rights and powers of an absolute owner with
respect to the trust property.  No person paying money to the
Trustee need inquire into the application of the money so paid.

2.    The Trustee shall use ordinary care and reason-
able diligence in the exercise of its powers and in the per-
formance of its duties as Trustee hereunder.  The Trustee shall
not be liable for any mistake in judgment or action taken or
not taken in good faith.

3.    The Trustee shall render to the Trustor an annual
statement setting forth with particularity the transactions
effected by it during the preceding year.  Additionally, all
documents of or pertaining to the trust established hereunder
shall be available for inspection by the Trustor or by Martina
Mertens or her personal representatives at any reasonable time
during normal office hours at the offices of the Trustee.

4.    The validity of this trust and the construction
of its provisions shall be governed by the laws of the State of
Illinois.

5.    For purposes of this trust, the masculine, fem-

TRUST AGREEMENT                                              Page 9
Mertens vs. Cookson

inine and neuter gender, and singular and plural number shall
be deemed to include the others whenever the context so indi-
cates, and the term guardian shall be deemed to include any
successor guardian.

      6.    If any provision of this trust shall be invalid,
it is intended that all the remaining provisions hereof shall
continue to be effective.

**ARTICLE VII**

      This trust shall be irrevocable and may not be amended
or altered by the Trustor.

      Executed as of the 5TH day of Feb....., 1986.,
in the City of Belleville, State of Illinois.

TRUSTOR

SBU, INC.

By ...........................

(Title) VICE PRESIDENT

(SEAL)
ATTEST:

TRUSTEE:

ILLINOIS STATE TRUST COMPANY

By ...........................

PLAINTIFF'S
EXHIBIT
4

MEMBER
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC

SIPC
SECURITIES INVESTOR PROTECTION CORPORATION

CREWS & ASSOCIATES, INC.
2000 UNION NATIONAL PLAZA
124 WEST CAPITOL • P.O. BOX 1696
LITTLE ROCK, AR 72203
(501) 372-1222

STATEMENT

| DATE | ACTIVITY | | DESCRIPTION | PRICE | DB AMOUNT | CR AMOUNT |
|---|---|---|---|---|---|---|
| /15 | WE DLVD | 50M | 912833FK1: UNITED STATES TREASURY STRIPS DUE 11/15/99 DTD 01/01/86 | | | |
| /15 | PRIN FOR | 50M | 912833FK1: UNITED STATES TREASURY STRIPS DUE 11/15/99 DTD 01/01/86 | | | 50000.00 |
| /15 | INT FOR | 44M | 912810CU0: UNITED STATES TREASURY BONDS 13.125% DUE 05/15/01 DTD 04/02/81 FC 11/15/81 | | | 2887.50 |
| /15 | INT FOR | 104M | 912810DQ8: UST SEMI ANN 12% DUE 05/15/05 DTD 04/02/85 FC 11/15/85 | | | 6240.00 |
| /15 | INT FOR | 535M | 912810DT2: UST 9.875% DUE 11/15/15 DTD 11/15/85 FC 05/15/86 | | | 26415.63 |
| /15 | INT FOR | 231M | 912810DY1: UST NOTE 8.75% DUE 05/15/17 DTD 05/15/87 FC 11/15/87 | | | 10106.25 |
| /16 | PAYMENT | | PURCHASE M/M | | 95649.38 | |
| | CLOSING BALANCE | | | | 0.00 | |

CONTINUED ON PAGE 2.

*FLAG FINANCE CORP TTEE F/
SBU INC OF MISSOURI
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

ACCOUNT # 15159                                          PAGE 1

TAX ID # 43-1687255

FOR THE PERIOD 11/1/99 TO 11/30/99

REP # 181-DON SKRIVANOS
                         SEE REVERSE SIDE FOR ADDITIONAL INFOR



MEMBER
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.

CREWS & ASSOCIATES, INC.
2020 UNION NATIONAL PLAZA
124 WEST CAPITOL • P.O. BOX 1696
LITTLE ROCK, AR 72203
(501) 372-1222

SIPC
SECURITIES INVESTOR PROTECTION CORPORATION

STATEMENT

| ACTIVITY | DESCRIPTION | PRICE | DR AMOUNT | CR AMOUNT |
|---|---|---|---|---|
| | *** SUMMARY OF CASH ACTIVITY *** | | | |
| | YOUR CREWS OPENING ACCOUNT BALANCE | | 0.00 | |
| | SECURITIES PURCHASED BY YOU | | 0.00 | |
| | SECURITIES SOLD BY YOU | | 0.00 | |
| INTEREST CREDITED TO YOUR ACCOUNT THIS MONTH | | | 45,649.38CR | |
| PRINCIPAL PAYDOWN CREDITED TO YOUR ACCOUNT THIS MONTH | | | 50,000.00CR | |
| | NET OF OTHER CASH ACTIVITY | | 95,649.38 | |
| | CLOSING BALANCE | | 0.00 | |
| | | | | |
| | PLEASE NOTE: EFFECTIVE NOVEMBER 9, 1998, OUR MONEY WIRE INSTRUCTIONS WILL BE: | | | |
| | REGIONS BIRMINGHAM AL 062005690 FBO CREWS & ASSOCIATES #006317316. | | | |
| | | | | |
| | AN INVESTOR BROCHURE THAT INCLUDES INFORMATION DESCRIBING THE NASD REGULATION | | | |
| | PUBLIC DISCLOSURE PROGRAM MAY BE OBTAINED FROM NASD. | | | |
| | | | | |
| | THE NASD REGULATION, INC. PUBLIC DISCLOSURE PROGRAM HOTLINE NUMBER IS (800) 289-9999 | | | |
| | THE NASD REGULATION WEBSITE IS www.nasdr.com | | | |

CONTINUED ON PAGE 3.

*FLAG FINANCE CORP TTEE F/
SBU INC OF MISSOURI
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

ACCOUNT # 15159                     PAGE 2

TAX ID # 43-1687255

FOR THE PERIOD 11/1/99 TO 11/30/99

REP # 181—DON SKRIVANOS

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

MEMBER
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC

## CREWS & ASSOCIATES, INC.

2000 UNION NATIONAL PLAZA
124 WEST CAPITOL • P.O. BOX 1696
LITTLE ROCK, AR 72203
(501) 372-1222



SIPC
SECURITIES INVESTOR PROTECTION CORPORATION

# STATEMENT

### SAFEKEEPING POSITIONS HELD THRU CREWS & ASSOC., INC.

| DATE | ACTIVITY | CUSIP# | DESCRIPTION / SECURITY DESCRIPTION | PAR/FACE | PRICE / FACTOR | DB AMOUNT / BALANCE | CR AMOUNT / MARKET VALUE |
|---|---|---|---|---|---|---|---|
| | | 31157ACO | RFCO 8.875% DUE 04/15/30 DTD 04/15/90 FC 10/15/90 | 77M | | | |
| | | 2810CCT3 | UNITED STATES TREASURY BONDS 11.75% DUE 02/15/01 DTD 01/12/81 FC 08/15/81 | 330M | | | |
| | | 2810CCU0 | UNITED STATES TREASURY BONDS 13.125% DUE 05/15/01 DTD 04/02/81 FC 11/15/81 | 44M | | | |
| | | 2810DL9 | US TREASURY N/B 12.5% DUE 08/15/14 CALL 08/15/09 @ 100 DTD 08/15/84 FC 02/15/85 | 650M | | | |
| | | 2810DQ8 | UST SEMI ANN 12% DUE 05/15/05 DTD 04/02/85 FC 11/15/85 | 104M | | | |
| | | 2810DT2 | UST 9.875% DUE 11/15/15 DTD 11/15/85 FC 05/15/86 | 535M | | | |
| | | 2810DY1 | UST NOTE 8.75% DUE 05/15/17 DTD 05/15/87 FC 11/15/87 | 231M | | | |
| | | 2810DZ8 | UST SEMI ANN 8.875% DUE 08/15/17 DTD 08/15/87 FC 02/15/88 | 266M | | | |
| | | 12810EE4 | UNITED STATES TREASURY BOND 8.5% DUE 02/15/20 DTD 02/15/90 FC 08/15/90 | 719M | | | |

CONTINUED ON PAGE 4.

*FLAG FINANCE CORP TTEE F/
SBU INC OF MISSOURI
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

ACCOUNT # 15159

TAX ID # 43-1687255

FOR THE PERIOD 11/1/99 TO 11/30/99

REP # 181-DON SKRIVANOS

PAGE  3

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

D.     A judgment for damages in favor of Crews against the Defendant Flag for indemnity in the amount of Three Billion Dollars ($3,000,000,000) or such other amount exceeding Seventy-Five Thousand Dollars ($75,000) as may be proved at trial;

E.     A judgment in favor of Crews against all defendants except the Beneficiary Defendant Class, jointly and severally, for Crews' attorneys fees, costs, and expenses; and

F.     Such other and further relief which the Court deems just, fair, equitable or reasonable.

                    Respectfully submitted,

                    GUILFOIL PETZALL & SHOEMAKE


          By:   _____
                    Jim J. Shoemake, #4357
                    Kurt S. Odenwald, #3991
                    Matthew S. McBride, #99839
                    100 South Fourth Street, Suite 500
                    St. Louis, Missouri 63102-1821
                    (314) 241-6890
                    (314) 241-2389 (fax)

                         and


                    Larry W. Burks, Esq.
                    Kevin A. Crass, Esq.
                    FRIDAY, ELDREDGE & CLARK
                    2000 Regions Center
                    400 West Capitol
                    Little Rock, Arkansas  72201-3493
                    (501) 376-2011
                    (501) 376-2147 (fax)

                    ATTORNEYS  FOR  PLAINTIFF  CREWS  & ASSOCIATES, INC.

                              13                        F:\cr303\99260\99722184.WPD

## <u>LIST OF EXHIBITS</u>

Exhibit 1 – Settlement Agreement

Exhibit 2 – Assignment, Assumption and Novation Agreement

Exhibit 3 – Trust Agreement

Exhibit 4 – The "Interpled Assets"

Exhibit 5 – The Receipt from the Registry of the Court

Exhibit 6 – The "Flag Instructions"

Exhibit 7 – Crews Customer Agreement

F:\cr303\99260\99722184 WPD



# STATEMENT

## CREWS & ASSOCIATES, INC.
2000 UNION NATIONAL PLAZA
124 WEST CAPITOL • P.O. BOX 1696
LITTLE ROCK, AR 72203
(501) 372-1222

MEMBER
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.

SAFEKEEPING POSITIONS HELD THRU CREWS & ASSOC., INC.

| CUSIP# | SECURITY DESCRIPTION | PAR/FACE | PRICE | FACTOR | BALANCE | MARKET VALUE |
|--------|---------------------|----------|-------|--------|---------|--------------|
| 912833CB4 | UST STRIP SEMI ANN DUE 02/15/00 DTD 02/15/85 FC 08/15/85 | 234M | | | | |
| 912833CC2 | UNITED STATES TREASURY STRIPS DUE 08/15/00 DTD 02/15/85 | 72M | | | | |
| 912833FL9 | UST STRIP DUE 05/15/00 DTD 11/15/84 | 50M | | | | |
| 912833FM7 | UST STRIPS DUE 11/15/00 DTD 11/15/85 | 71M | | | | |

*FLAG FINANCE CORP TTEE F/
SBU INC OF MISSOURI
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

ACCOUNT # 15159                              PAGE 4

TAX ID # 43-1687255

FOR THE PERIOD 11/1/99 TO 11/30/99

REP # 181-DON SKRIVANOS

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

| Par Amount | Cusip # | Security | GPN | Maturity | Market Val. per $1000 | Mkt Valuation as of 12/20/99 |
|---|---|---|---|---|---|---|
| $77,000 | 761157ACO | RFCO | 8.8750% | 4/15/30 | 121.96700 | $93,914.41 |
| $330,000 | 91281OCT3 | UST Bonds | 11.7500% | 2/15/01 | 106.02625 | $350,070.70 |
| $44,000 | 912810CUO | UST Bonds | 13.1250% | 5/15/01 | 109.00125 | $47,968.59 |
| $650,000 | 912810DL9 | US Treasury N/B | 12.5000% | 8/15/14 | 140.24125 | $914,900.39 |
| $104,000 | 912810DQ8 | UST SEMI ANN. | 12.0000% | 5/15/05 | 124.29250 | $129,910.63 |
| $535,000 | 912810DT2 | UST | 9.8750% | 11/15/15 | 130.05750 | $696,461.33 |
| $231,000 | 912810DY1 | UST Note | 8.7500% | 5/15/17 | 120.10250 | $277,939.92 |
| $266,000 | 912810DZ8 | UST SEMI ANN. | 8.8750% | 8/15/17 | 121.22875 | $323,761.48 |
| $719,000 | 912810EE4 | UST Bonds | 8.5000% | 2/15/20 | 119.02000 | $856,059.38 |
| $234,000 | 912833CB4 | UST Strip Semi Ann. | 0.0000% | 2/15/00 | 99.18600 | $232,095.24 |
| $72,000 | 912833CC2 | UST Strips | 0.0000% | 8/15/00 | 96.31200 | $69,344.64 |
| $50,000 | 912833FL9 | UST Strips | 0.0000% | 5/15/00 | 97.84900 | $48,924.50 |
| $71,000 | 912833FM7 | UST Strips | 0.0000% | 11/15/00 | 94.93300 | $67,402.43 |
| $3,383,000 | | | | | | $4,108,753.64 |

Crews & Associates, Inc.
Securities Valuation
Account No. 15159
Flag Finance Corp. TTEE f/SBU, Inc. of Missouri

000027

## Statement

Page 1 of 1

| Account Number | Brokerage Number | Tax Identification | Period |
|---|---|---|---|
| 2360130 | 15159 | On File | 10/30/99 through 11/30/99 |

**Account Registration**

FLAG FINANCE CORP TTEE F/
SBU INC OF MISSOURI
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

**Courtesy of**

CREWS & ASSOCIATES, INC.
124 W. CAPITAL-2000 UNION NATIONAL PLAZ
LITTLE ROCK, AR 72201

15159     BCAI     00181

## Activity Summary

| Description | Credits Amount | Description | Debits Amount |
|---|---|---|---|
| Purchases | $ 95,649.38 | Total Debits | $ 0.00 |
| Dividends credited | 194.76 | | |
| Total Credits | $ 95,844.14 | | |

## Cortland - U. S. Govt - Income Summary

| Current Period | Accrued/Unpaid Dividends | Year-to-Date Total (includes accrual) | Year-to-Date Taxes Withheld |
|---|---|---|---|
| $ 194.76 | $ 0.00 | $ 686.68 | $ 0.00 |

## Cortland - U. S. Govt - Activity

| Date | Transaction Description | Dollar Amount | Share Price | Share Amount | Share Balance |
|---|---|---|---|---|---|
| 10/30/99 | Opening Balance | $ 4,215.20 | | | 4,215.200 |
| 11/16/99 | Deposit | 95,649.38 | $ 1.00 | 95,649.380 | 99,864.580 |
| 11/30/99 | Dividend Reinvestment | 194.76 | 1.00 | 194.760 | 100,059.340 |
| 11/30/99 | Closing Balance | $ 100,059.34 | | | 100,059.340 |

## Please Note

For this period, the Yield for Cortland - U. S. Govt was 4.46% with an Effective Yield of 4.56%.

End of Statement

Crews & Associates, Inc.
Money Market Valuation
Account No. 15159
Flag Finance Corp. TTEE f/SBU, Inc. of Missouri

MEMBER
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.

# CREWS & ASSOCIATES, INC.

2000 UNION NATIONAL PLAZA
124 WEST CAPITOL • P O BOX 1696
LITTLE ROCK, AR 72203
(501) 372-1222


SIPC
SECURITIES INVESTOR PROTECTION CORPORATION

# STATEMENT

| DATE | ACTIVITY | | DESCRIPTION | PRICE | DB AMOUNT | CR AMOUNT |
|------|----------|------|-------------|-------|-----------|-----------|
| 1/15 | WE DLVD | 86M | 912833FK1: UNITED STATES TREASURY STRIPS DUE 11/15/99 DTD 01/01/86 | | | 129000.00 |
| 1/15 | WE DLVD | 43M | 912833FK1: UNITED STATES TREASURY STRIPS DUE 11/15/99 DTD 01/01/86 | | | |
| 1/15 | PRIN FOR | 129M | 912833FK1: UNITED STATES TREASURY STRIPS DUE 11/15/99 DTD 01/01/86 | | | 6138.13 |
| 1/15 | INT FOR | 161M | 912810EN4: UST NOTE 7.625% DUE 11/15/22 DTD 11/15/92 | | | 5250.00 |
| 1/15 | INT FOR | 120M | 912810DY1: UST NOTE 8.75% DUE 05/15/17 DTD 05/15/87 FC 11/15/87 | | | 6387.50 |
| 1/15 | INT FOR | 140M | 912810EA2: UNITED STATES TREASURY BONDS 9.125% DUE 05/15/18 | | | 7335.00 |
| 1/15 | INT FOR | 163M | 912810EB0: UNITED STATES TREASURY BONDS 9% DUE 11/15/18 DTD 11/15/88 FC 05/15/89 | | | 3281.25 |
| 1/15 | INT FOR | 75M | 912810EF1: UNITED STATES TREASURY BOND 8.75% DUE 05/15/20 DTD 05/15/90 FC 11/15/90 | | | 13243.75 |
| 1/15 | INT FOR | 326M | 912810EJ3: UST BOND 8.125% DUE 05/15/21 DTD 05/15/91 FC 11/15/91 | | | |
| 1/16 | PAYMENT | | PURCHASE M/M | | 170635.63 | |
| | CLOSING BALANCE | | | | 0.00 | |

CONTINUED ON PAGE 2.

*FLAG FINANCE CORP TTEE F/
SBU INC OF ILLINOIS
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

ACCOUNT # 15161

TAX ID # 43-1687255

FOR THE PERIOD 11/1/99 TO 11/30/99

REP # 181-DON SKRIVANOS

PAGE 1

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION



**STATEMENT**

CREWS & ASSOCIATES, INC.
2000 UNION NATIONAL PLAZA
124 WEST CAPITOL • P O BOX 1696
LITTLE ROCK, AR 72203
(501) 372-1222

MEMBER
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.

| DATE | ACTIVITY | DESCRIPTION | PRICE | DB AMOUNT | CR AMOUNT |
|------|----------|-------------|-------|-----------|-----------|
| | | *** SUMMARY OF CASH ACTIVITY *** | | | |
| | | YOUR CREWS OPENING ACCOUNT BALANCE | | 0.00 | |
| | | SECURITIES PURCHASED BY YOU | | 0.00 | |
| | | SECURITIES SOLD BY YOU | | 0.00 | |
| | | INTEREST CREDITED TO YOUR ACCOUNT THIS MONTH | | 41,635.63CR | |
| | | PRINCIPAL PAYDOWN CREDITED TO YOUR ACCOUNT THIS MONTH | | 129,000.00CR | |
| | | NET OF OTHER CASH ACTIVITY | | 170,635.63 | |
| | | CLOSING BALANCE | | 0.00 | |

PLEASE NOTE: EFFECTIVE NOVEMBER 9, 1998, OUR MONEY WIRE INSTRUCTIONS WILL BE:
REGIONS BIRMINGHAM AL 062005690 FBO CREWS & ASSOCIATES #00631731G.

AN INVESTOR BROCHURE THAT INCLUDES INFORMATION DESCRIBING THE NASD REGULATION
PUBLIC DISCLOSURE PROGRAM MAY BE OBTAINED FROM NASD.

THE NASD REGULATION, INC. PUBLIC DISCLOSURE PROGRAM HOTLINE NUMBER IS (800) 289-9999

THE NASD REGULATION WEBSITE IS www.nasdr.com

CONTINUED ON PAGE 3.

*FLAG FINANCE CORP TTEE F/
SBU INC OF ILLINOIS
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

ACCOUNT # 15161

TAX ID # 43-1687255

FOR THE PERIOD 11/1/99 TO 11/30/99

REP # 181-DON SKRIVANOS

PAGE 2



SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

MEMBER
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.


SIPC
SECURITIES INVESTOR PROTECTION CORPORATION

# CREWS & ASSOCIATES, INC.
2000 UNION NATIONAL PLAZA
124 WEST CAPITOL • P.O. BOX 1696
LITTLE ROCK, AR 72203
(501) 372-1222

# STATEMENT

SAFEKEEPING POSITIONS HELD THRU CREWS & ASSOC., INC.

| DATE | ACTIVITY | CUSIP# | SECURITY DESCRIPTION | PAR/FACE | PRICE FACTOR | DB AMOUNT BALANCE | CR AMOUNT MARKET VALUE |
|---|---|---|---|---|---|---|---|
| | | 7705AP6 | FICO 8.6% DUE 09/26/19 DTD 09/26/89 FC 03/26/90 | 90M | | | |
| | | 11157AB2 | REFCORP 8.625% DUE 01/15/30 | 76M | | | |
| | | 11157AC0 | RFCO 8.875% DUE 04/15/30 DTD 04/15/90 FC 10/15/90 | 370M | | | |
| | | 2810CT3 | UNITED STATES TREASURY BONDS 11.75% DUE 02/15/01 DTD 01/12/81 FC 08/15/81 | 135M | | | |
| | | 2810CW6 | UST SEMI ANN 13.375% DUE 08/15/01 DTD 07/02/81 FC 02/15/82 | 46M | | | |
| | | 2810DS4 | UNITED STATES TREASURY BONDS 10.625% DUE 08/15/15 DTD 08/15/85 FC 02/15/86 | 122M | | | |
| | | 2810DY1 | UST NOTE 8.75% DUE 05/15/17 DTD 05/15/87 FC 11/15/87 | 120M | | | |
| | | 2810EA2 | UNITED STATES TREASURY BONDS 9.125% DUE 05/15/18 | 140M | | | |
| | | 2810EB0 | UNITED STATES TREASURY BONDS 9% DUE 11/15/18 DTD 11/15/88 FC 05/15/89 | 163M | | | |
| | | 2810EC8 | UST BONDS 8.875% DUE 02/15/19 DTD 02/15/89 FC 08/15/89 | 266M | | | |

CONTINUED ON PAGE 4.

*FLAG FINANCE CORP TTEE F/
SBU INC OF ILLINOIS
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

ACCOUNT # 15161

TAX ID # 43-1687255

FOR THE PERIOD 11/1/99 TO 11/30/99

REP # 181-DON SKRIVANOS

PAGE 3

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION



# STATEMENT

**CREWS & ASSOCIATES, INC.**
2000 UNION NATIONAL PLAZA
124 WEST CAPITOL • P.O. BOX 1696
LITTLE ROCK, AR 72203
(501) 372-1222

MEMBER
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC

**SAFEKEEPING POSITIONS HELD THRU CREWS & ASSOC., INC.**

| DATE | ACTIVITY | DESCRIPTION | DB AMOUNT | CR AMOUNT |
|------|----------|-------------|-----------|-----------|

| CUSIP# | SECURITY DESCRIPTION | PAR/FACE | PRICE FACTOR | BALANCE | MARKET VALUE |
|--------|----------------------|----------|--------------|---------|--------------|
| 12810EF1 | UNITED STATES TREASURY BOND 8.75% DUE 05/15/20 DTD 05/15/90 FC 11/15/90 | 75M | | | |
| 12810EJ3 | UST BOND 8.125% DUE 05/15/21 DTD 05/15/91 FC 11/15/91 | 326M | | | |
| 12810EN4 | UST NOTE 7.625% DUE 11/15/22 DTD 11/15/92 | 161M | | | |
| 12827YN6 | UST NOTE 8.5% DUE 02/15/00 DTD 02/15/90 FC 08/15/90 | 45M | | | |
| 12833CB4 | UST STRIP SEMI ANN DUE 02/15/00 DTD 02/15/85 FC 08/15/85 | 186M | | | |
| 12833CC2 | UNITED STATES TREASURY STRIPS DUE 08/15/00 DTD 02/15/85 | 342M | | | |
| 12833FL9 | UST STRIP DUE 05/15/00 DTD 11/15/84 | 324M | | | |
| 12833FM7 | UST STRIPS DUE 11/15/00 DTD 11/15/85 | 116M | | | |

*FLAG FINANCE CORP TTEE F/
SBU INC OF ILLINOIS
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

ACCOUNT # 15161

TAX ID # 43-1687255

FOR THE PERIOD 11/1/99 TO 11/30/99

REP # 181-DON SKRIVANOS

PAGE 4

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

| Par Amount | Cusip # | Security | GPN | Maturity | Market Eval per $1000 | Mkt Valuation as of 12/2098 |
|---|---|---|---|---|---|---|
| $90,000 | 317705AP6 | FICO | 8.6000% | 9/26/19 | 111.22400 | $100,101.87 |
| $76,000 | 761157AB2 | REFCORP | 8.6250% | 1/15/30 | 118.83400 | $90,313.84 |
| $370,000 | 761157AC0 | RFCO | 8.8750% | 4/15/30 | 121.96700 | $451,277.03 |
| $135,000 | 912810CT3 | UST BONDS | 11.7500% | 2/15/01 | 106.02625 | $143,210.74 |
| $46,000 | 912810CW6 | UST SEMI ANN | 13.3750% | 8/15/01 | 110.30875 | $51,043.83 |
| $122,000 | 912810DS4 | UST BONDS | 10.6250% | 8/15/15 | 136.28125 | $166,992.27 |
| $120,000 | 912810DY1 | UST NOTE | 8.7500% | 5/15/17 | 120.05750 | $144,215.63 |
| $140,000 | 912810EA2 | UST BONDS | 9.1250% | 5/15/18 | 124.22000 | $174,562.50 |
| $163,000 | 912810EB0 | UST BONDS | 9.0000% | 11/15/18 | 123.21000 | $201,559.69 |
| $266,000 | 912810EC8 | UST BONDS | 8.8750% | 2/15/19 | 122.14000 | $325,725.31 |
| $75,000 | 912810EF1 | UST BONDS | 8.7500% | 5/15/20 | 121.24750 | $91,330.08 |
| $326,000 | 912810EJ3 | UST BONDS | 8.1250% | 5/15/21 | 115.13625 | $376,288.05 |
| $161,000 | 912810EN4 | UST NOTE | 7.6250% | 11/15/22 | 110.15250 | $177,867.27 |
| $45,000 | 912827YN6 | UST NOTE | 8.5000% | 2/15/00 | 100.11625 | $45,163.48 |
| $186,000 | 912833CB4 | UST STRIP SEMI ANN | 0.0000% | 2/15/00 | 99.18600 | $184,485.96 |
| $342,000 | 912833CC2 | UST STRIPS | 0.0000% | 8/15/00 | 96.31200 | $329,387.04 |
| $324,000 | 912833FL9 | UST STRIPS | 0.0000% | 5/15/00 | 97.84900 | $317,030.76 |
| $116,000 | 912833FM7 | UST STRIPS | 0.0000% | 11/15/00 | 94.93300 | $67,402.43 |
| $3,103,000 | | | | | | $2,796,265.04 |

Crews & Associates, Inc.
Securities Valuation
Account No. 15161
Flag Finance Corp. TTEE f/SBU, Inc. of Illinois

000029

## Statement

Page 1 of 1

| Account Number | Brokerage Number | Tax Identification | Period |
|---|---|---|---|
| 2239078 | 15161 | On File | 10/30/99 through 11/30/99 |

**Account Registration**

FLAG FINANCE CORP TTEE F/
SBU INC OF ILLINOIS
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

**Courtesy of**

CREWS & ASSOCIATES, INC.
124 W. CAPITAL-2000 UNION NATIONAL PLAZ/
LITTLE ROCK, AR 72201

15161      BCAI      00181

## Activity Summary

### Credits

| Description | Amount |
|---|---|
| Purchases | $ 170,635.63 |
| Dividends credited | 400.93 |
| Total Credits | $ 171,036.56 |

### Debits

| Description | Amount |
|---|---|
| Total Debits | $ 0.00 |

## Cortland - U. S. Govt - Income Summary

| Current Period | Accrued/Unpaid Dividends | Year-to-Date Total (includes accrual) | Year-to-Date Taxes Withheld |
|---|---|---|---|
| $ 400.93 | $ 0.00 | $ 1,189.63 | $ 0.00 |

## Cortland - U. S. Govt - Activity

| Date | Transaction Description | Dollar Amount | Share Price | Share Amount | Share Balance |
|---|---|---|---|---|---|
| 10/30/99 | Opening Balance | $ 21,188.21 | | | 21,188.210 |
| 11/16/99 | Deposit | 170,635.63 | $ 1.00 | 170,635.630 | 191,823.840 |
| 11/30/99 | Dividend Reinvestment | 400.93 | 1.00 | 400.930 | 192,224.770 |
| 11/30/99 | Closing Balance | $ 192,224.77 | | | 192,224.770 |

## Please Note

For this period, the Yield for Cortland - U. S. Govt was 4.46% with an Effective Yield of 4.56%.

End of Statement

Crews & Associates, Inc.
Money Market Valuation
Account No. 15161
Flag Finance Corp. TTEE f/SBU, Inc. of Illinois

# STATEMENT

**MEMBER**
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.

**CREWS & ASSOCIATES, INC.**
2000 UNION NATIONAL PLAZA
124 WEST CAPITOL • P.O. BOX 1696
LITTLE ROCK, AR 72203
(501) 372-1222

SIPC
SECURITIES INVESTOR PROTECTION CORPORATION

| DATE | ACTIVITY | DESCRIPTION | PRICE | DB AMOUNT | CR AMOUNT |
|------|----------|-------------|-------|-----------|-----------|
| 11/15 | WE DLVD | 47M | 912820AU1: UST PRINC STRIP DUE 11/15/99 DTD 05/15/85 | | |
| 11/15 | WE DLVD | 123M | 912833FK1: UNITED STATES TREASURY STRIPS DUE 11/15/99 DTD 01/01/86 | | |
| 11/15 | WE DLVD | 22M | 912833FK1: UNITED STATES TREASURY STRIPS DUE 11/15/99 DTD 01/01/86 | | |
| 11/15 | PRIN FOR | 47M | 912820AU1: UST PRINC STRIP DUE 11/15/99 DTD 05/15/85 | | 4700∪ |
| 11/15 | PRIN FOR | 145M | 912833FK1: UNITED STATES TREASURY STRIPS DUE 11/15/99 DTD 01/01/86 | | 145000.∪ |
| 11/16 | PAYMENT | | PURCHASE M/M | 192000.00 | |
| | CLOSING BALANCE | | | 0.00 | |

CONTINUED ON PAGE 2.

*FLAG FINANCE CORP TTEE F/
SBU INC OF FLORIDA
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

ACCOUNT # 15160                          PAGE

TAX ID # 43-1687255

FOR THE PERIOD 11/1/99 TO 11/30/99

REP # 181-DON SKRIVANOS
SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

MEMBER
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC

CREWS & ASSOCIATES, INC.
2000 UNION NATIONAL PLAZA
124 WEST CAPITOL • P.O. BOX 1696
LITTLE ROCK, AR 72203
(501) 372-1222

SIPC
SECURITIES INVESTOR PROTECTION CORPORATION

STATEMENT

| DATE | ACTIVITY | DESCRIPTION | PRICE | DB AMOUNT | CR AMOUNT |
|------|----------|-------------|-------|-----------|-----------|
| | | *** SUMMARY OF CASH ACTIVITY *** | | | |
| | | YOUR CREWS OPENING ACCOUNT BALANCE | | 0.00 | |
| | | SECURITIES PURCHASED BY YOU | | 0.00 | |
| | | SECURITIES SOLD BY YOU | | 0.00 | |
| | | INTEREST CREDITED TO YOUR ACCOUNT THIS MONTH | | 0.00 | |
| | | PRINCIPAL PAYDOWN CREDITED TO YOUR ACCOUNT THIS MONTH | | 192,000.00CR | |
| | | NET OF OTHER CASH ACTIVITY | | 192,000.00 | |
| | | CLOSING BALANCE | | 0.00 | |
| | | PLEASE NOTE: EFFECTIVE NOVEMBER 9, 1998, OUR MONEY WIRE INSTRUCTIONS WILL BE: REGIONS BIRMINGHAM AL 062005690 FBO CREWS & ASSOCIATES #006317316. | | | |
| | | AN INVESTOR BROCHURE THAT INCLUDES INFORMATION DESCRIBING THE NASD REGULATION PUBLIC DISCLOSURE PROGRAM MAY BE OBTAINED FROM NASD. | | | |
| | | THE NASD REGULATION, INC. PUBLIC DISCLOSURE PROGRAM HOTLINE NUMBER IS (800) 289-9999 | | | |
| | | THE NASD REGULATION WEBSITE IS www.nasdr.com | | | |

CONTINUED ON PAGE 3.

*FLAG FINANCE CORP TTEE F/
SBU INC OF FLORIDA
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

ACCOUNT # 15160

TAX ID # 43-1687255

FOR THE PERIOD 11/1/99 TO 11/30/99

REP # 181-DON SKRIVANOS

PAGE 2

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

**MEMBER**
NATIONAL ASSOCIATION OF
SECURITIES DEALERS, INC.

**SIPC**
SECURITIES INVESTOR PROTECTION CORPORATION

**CREWS & ASSOCIATES, INC.**
2000 UNION NATIONAL PLAZA
124 WEST CAPITOL • P.O. BOX 1696
LITTLE ROCK, AR 72203
(501) 372-1222

# STATEMENT

PAGE   3

ACCOUNT # 15160

TAX ID # 43-1687255

FOR THE PERIOD 11/1/99 TO 11/30/99

REP # 181-DON SKRIVANOS

SEE REVERSE SIDE FOR ADDITIONAL INFORMATION

SAFEKEEPING POSITIONS HELD THRU CREWS & ASSOC., INC.

| CUSIP# | SECURITY DESCRIPTION | PAR/FACE FACTOR | PRICE | BALANCE | DB AMOUNT | CR AMOUNT | MARKET VALUE |
|--------|---------------------|-----------------|-------|---------|-----------|-----------|--------------|
| 76116EGB0 | REFCORP STRIP DUE 01/15/23 | 7M | | | | | |
| 912833CB4 | UST STRIP SEMI ANN DUE 02/15/00 DTD 02/15/85 FC 08/15/85 | 12M | | | | | |
| 912833CC2 | UNITED STATES TREASURY STRIPS DUE 08/15/00 DTD 02/15/85 | 13M | | | | | |
| 912833FL9 | UST STRIP DUE 05/15/00 DTD 11/15/84 | 12M | | | | | |
| 912833FM7 | UST STRIPS DUE 11/15/00 DTD 11/15/85 | 12M | | | | | |
| 912833JT8 | UST STRIP DUE 08/15/15 DTD 08/15/85 | 206M | | | | | |

*FLAG FINANCE CORP TTEE F/
SBU INC OF FLORIDA
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106

| Par Amount | Cusip # | Security | GPR | Maturity | Market Val per $1000 | Mkt Valuation as of 12/20/99 |
|---|---|---|---|---|---|---|
| $7,000 | 76116EGB0 | REFCORP STRIPS | 0.0000% | 1/15/23 | 20.360 | $1,425.20 |
| $12,000 | 912833CB4 | UST STRIPS SEMI ANN | 0.0000% | 2/15/00 | 99.186 | $11,902.32 |
| $13,000 | 912833CC2 | UST STRIPS | 0.0000% | 8/15/00 | 96.312 | $12,520.56 |
| $12,000 | 912833FL9 | UST STRIPS | 0.0000% | 5/15/00 | 97.849 | $11,741.88 |
| $12,000 | 912833FM7 | UST STRIPS | 0.0000% | 11/15/00 | 94.933 | $11,391.96 |
| $206,000 | 912833JT8 | UST STRIPS | 0.0000% | 8/15/15 | 34.689 | $71,459.34 |
| $262,000 | | | | | | $120,441.26 |

Crews & Associates, Inc.
Securities Valuation
Account No. 15160
Flag Finance Corp. TTEE f/SBU, Inc. of Florida

000028

## Statement

Page 1 of 1

| Account Number | Brokerage Number | Tax Identification | Period |
|---|---|---|---|
| 2239077 | 15160 | On File | 10/30/99 through 11/30/99 |

### Account Registration

```
FLAG FINANCE CORP TTEE F/
SBU INC OF FLORIDA
1950 CRAIG ROAD
ST LOUIS, MO 63146-4106
```

Courtesy of

```
CREWS & ASSOCIATES, INC.
124 W. CAPITAL-2000 UNION NATIONAL PLAZ
LITTLE ROCK, AR 72201

      15160      BCAI      00181
```

## Activity Summary

| Credits | | Debits | |
|---|---|---|---|
| **Description** | **Amount** | **Description** | **Amount** |
| Purchases | $ 192,000.00 | Total Debits | $ 0.00 |
| Dividends credited | 360.68 | | |
| Total Credits | $ 192,360.68 | | |

## Cortland - U. S. Govt - Income Summary

| Current Period | Accrued/Unpaid Dividends | Year-to-Date Total (includes accrual) | Year-to-Date Taxes Withheld |
|---|---|---|---|
| $ 360.68 | $ 0.00 | $ 917.38 | $ 0.00 |

## Cortland - U. S. Govt - Activity

| Date | Transaction Description | Dollar Amount | Share Price | Share Amount | Share Balance |
|---|---|---|---|---|---|
| 10/30/99 | Opening Balance | $ 734.51 | | | 734.510 |
| 11/16/99 | Deposit | 192,000.00 | $ 1.00 | 192,000.000 | 192,734.510 |
| 11/30/99 | Dividend Reinvestment | 360.68 | 1.00 | 360.680 | 193,095.190 |
| 11/30/99 | Closing Balance | $ 193,095.19 | | | 193,095.190 |

## Please Note

For this period, the Yield for Cortland - U. S. Govt was 4.46% with an Effective Yield of 4.56%.

End of Statement

Crews & Associates, Inc.
Money Market Valuation
Account No. 15160
Flag Finance Corp. TTEE f/SBU, Inc. of Florida

# RECEIPT FOR PAYMENT



***U. S. District Court***
***Eastern District of Missouri***
***1114 Market Street, Rm 260***
***St. Louis, MO  63101***
***(314) 539-2315***

***Date:*** 05/30/2000                    ***Receipt #***   S2000-006548

***Received From:*** SBU INC. OF MISSOURI

Paid For: SBU INC. OF MISSOURI

| Qty | Description | Price | Total |
|-----|-------------|-------|-------|
| 1 | Case #: 4:99-CV-2052-ERW INTERPLEADER-LOCAL | 541,899.44 | 541,899.44 |
| | TOTAL | | 541,899.44 |

Paid
LMC 

S2000-006548



**PLAINTIFF'S
EXHIBIT
5**

# RECEIPT FOR PAYMENT



**U. S. District Court**
**Eastern District of Missouri**
**1114 Market Street, Rm 260**
**St. Louis, MO  63101**
**(314) 539-2315**

**Date:**  05/30/2000        **Receipt #**   S2000-006549

**Received From:** SBC INC. OF ILLINOIS

Paid For: SBC INC. OF ILLINOIS

| Qty | Description | Price | Total |
|-----|-------------|-------|-------|
| 1 | Case #: 4:99-CV-2052-ERW INTERPLEADER-LOCAL | 851,365.40 0.00 | 851,365.40 0.00 |
| | TOTAL | | 851,365.40 |

Paid
LMG

S2000-006549

# RECEIPT FOR PAYMENT



**U. S. District Court**
**Eastern District of Missouri**
**1114 Market Street, Rm 260**
**St. Louis, MO  63101**
**(314) 539-2315**

*Date:*  05/30/2000          *Receipt #*   S2000-006550

*Received From:* SBU INC. OF FLORIDA

Paid For: SBU INC. OF FLORIDA

| Qty | Description | Price | Total |
|---|---|---|---|
| 1 | Case #: 4:99-CV-2052-ERW INTERPLEADER-LOCAL | 221,520.16 | 221,520.16 |
| | TOTAL | | 221,520.16 |

Paid
LMG

S2000-006550

## United States District Court
## Eastern District of Missouri

## Summary of Assets Received by Court
## Crews & Associates vs SBU, Inc., et al.
## 4:99-CV-2052-ERW

### SBU Inc. of Missouri
Money Market Fund Received:          $541,899.44

Associated U.S. Treasury Bonds*:

| CUSIP # | Description | Par/Principal | Issue Date | Maturity Date | Interest Rate |
|---|---|---|---|---|---|
| 912810CT3 | U.S. Treasury Bond | 330,000.00 | 01/12/1981 | 02/15/2001 | 11.750% |
| 912810CU0 | U.S. Treasury Bond | 44,000.00 | 04/02/1981 | 05/15/2001 | 13.125% |
| 912810DL9 | U.S. Treasury Bond | 650,000.00 | 08/15/1984 | 08/15/2014 | 12.500% |
| 912810DQ8 | U.S. Treasury Bond | 104,000.00 | 04/02/1985 | 05/15/2005 | 12.000% |
| 912810DT2 | U.S. Treasury Bond | 535,000.00 | 11/15/1985 | 11/15/2015 | 9.875% |
| 912810DY1 | U.S. Treasury Bond | 231,000.00 | 05/15/1987 | 05/15/2017 | 8.750% |
| 912810DZ8 | U.S. Treasury Bond | 266,000.00 | 08/15/1987 | 08/15/2017 | 8.875% |
| 912810EE4 | U.S. Treasury Bond | 719,000.00 | 02/15/1990 | 02/15/2020 | 8.500% |
| 912833CC2 | Stripped Coupon off of T Note | 72,000.00 | 02/15/1985 | 08/15/2000 | 0.000% |
| 912833FM7 | Stripped Coupon off of T Note | 71,000.00 | 07/27/1985 | 11/15/2000 | 0.000% |
| 761157AC0 | Resolution Funding Corp | 77,000.00 | 04/15/1990 | 04/15/2030 | 8.875% |

### SBU Inc. of Illinois
Money Market Fund Received:          $851,365.40

Associated U.S. Treasury Bonds*:

| CUSIP # | Description | Par/Principal | Issue Date | Maturity Date | Interest Rate |
|---|---|---|---|---|---|
| 912810CT3 | U.S. Treasury Bond | 135,000.00 | 01/12/1981 | 02/15/2001 | 11.750% |
| 912810CW6 | U.S. Treasury Bond | 46,000.00 | 07/02/1981 | 08/15/2001 | 13.375% |
| 912810DS4 | U.S. Treasury Bond | 122,000.00 | 08/15/1985 | 08/15/2015 | 10.625% |
| 912810DY1 | U.S. Treasury Bond | 120,000.00 | 05/15/1987 | 05/15/2017 | 8.750% |
| 912810EA2 | U.S. Treasury Bond | 140,000.00 | 05/15/1988 | 05/15/2018 | 9.125% |
| 912810EB0 | U.S. Treasury Bond | 163,000.00 | 11/15/1988 | 11/15/2018 | 9.000% |
| 912810EC8 | U.S. Treasury Bond | 266,000.00 | 02/15/1989 | 02/15/2019 | 8.875% |
| 912810EF1 | U.S. Treasury Bond | 75,000.00 | 05/15/1990 | 05/15/2020 | 8.750% |
| 912810EJ3 | U.S. Treasury Bond | 326,000.00 | 05/15/1991 | 05/15/2021 | 8.125% |
| 912810EN4 | U.S. Treasury Bond | 161,000.00 | 11/15/1992 | 11/15/2022 | 7.625% |
| 912833CC2 | Stripped Coupon off of T Note | 342,000.00 | 02/15/1985 | 08/15/2000 | 0.000% |
| 912833FM7 | Stripped Coupon off of T Note | 116,000.00 | 07/27/1985 | 11/15/2000 | 0.000% |
| 761157AB2 | Resolution Funding Corp | 76,000.00 | 01/15/1990 | 01/15/2030 | 8.625% |
| 761157AC0 | Resolution Funding Corp | 370,000.00 | 04/15/1990 | 04/15/2030 | 8.875% |
| 317705AP6 | Financing Corporation | 90,000.00 | 09/26/1989 | 09/26/2019 | 8.600% |

### SBU Inc. of Florida
Money Market Fund Received:          $221,520.16

Associated U.S. Treasury Bonds*:

| CUSIP # | Description | Par/Principal | Issue Date | Maturity Date | Interest Rate |
|---|---|---|---|---|---|
| 912833JT8 | U.S. Treasury Strip | 206,000.00 | 08/15/1985 | 08/15/2015 | 0.000% |
| 912833CC2 | Stripped Coupon off of T Note | 13,000.00 | 02/15/1985 | 08/15/2000 | 0.000% |
| 912833FM7 | Stripped Coupon off of T Note | 12,000.00 | 07/27/1985 | 11/15/2000 | 0.000% |
| 76116EGB0 | Resolution Funding Corp Strip | 7,000.00 | 01/15/1990 | 01/15/2023 | 0.000% |

U.S. Treasury Bonds will be received as non-cash collateral until maturity, when they will be associated

# AX

**Date** _____

*Number of pages including cover sheet* 2

**TO:**     DON SKRIVANOS

**FROM:**     James R. Gibson
     **FLAG FINANCE CORP.**
     720 Olive Street
     St. Louis, Mo 63101

**Phone**     1-800-766-2000  501
**Fax Phone**     ~~501-374-9703~~  907-2042

**Phone** _____
**Fax Phone** _____

**CC:** _____

**REMARKS:**   ☐ Urgent   ☐ For your review   ☐ Reply ASAP   ☐ Please Comment

Dear Don,

Per our conversation I am transmitting the wiring instructions.  I will be out of the office for the next couple of days so if you have any questions please call me at home.  My home phone number is 618-397-6680.

Thank you.

**PLAINTIFF'S EXHIBIT**
6

# FLAG FINANCE CORPORATION
### 720 Olive Street, Suite 612
### St. Louis, Missouri 63101

November 16, 1999

Mr. Don Skrivanos
Crews & Associates, Inc.
2000 Union Plaza
124 West Capitol
Little Rock, AR 72201

Dear Don,

I am providing you with wiring instructions for the funds that became available on September 15, October 15 and November 15, 1999.

Please wire the following amounts on November 17, 1999:

One Hundred Ninety Thousand Nine Hundred Twenty Four Dollars and Thirty Eight Cents ($190,924.38) lag Finance Corp. Trustee for SBU, Inc. of Illinois account, account number 15161 to Allegiant Bank, ABA # 081000728, account number 0404037406, account name Flag Finance for SBU of Illinois.

One Hundred Ninety Two Thousand Dollars ($192,000.00) from the Flag Finance Corp. Trustee for SBU, Inc. of Florida account, account number 15160 to Allegiant Bank, ABA # 081000728, account number 0404037396, account name Flag Finance for SBU of Florida.

Ninety Nine Thousand Sixty Six Dollars and Twenty Five Cents (99,066.25) from the Flag Finance Corp. Trustee for SBU, Inc. of Missouri account, account number 15159 to Allegiant Bank, ABA # 081000728, account number 0404037383, account name Flag Finance for SBU of Missouri.

If you have any questions please do not hesitate to contact me.

Very truly yours,

James R. Gibson
President

## CUSTOMER AGREEMENT

Crews & Associates, Inc. ("Crews") is requested to open a safekeeping account for and in the name of the undersigned and hold therein all bonds and other securities ("Securities") from time to time deposited with Crews or collected by Crews for such safekeeping account subject to the following terms and conditions.

## TERMS OF AGREEMENT

1.      Crews will keep safe, account for and deliver the Securities together with the proceeds of sales, redemptions, collections and other receipts including interest and other income ("Proceeds") that are received by Crews, to the undersigned as the undersigned may reasonably direct in writing.  Unless otherwise so directed Crews is to deposit said Proceeds into a cash account identified to the undersigned.

2.      All Securities and Proceeds held by Crews pursuant hereto shall be subject to the full and exclusive control of the undersigned.

3.      The undersigned's instructions or directions are to be in writing and signed by the undersigned, but Crews is entitled to accept and rely on oral or unsigned instructions or directions and in doing so, shall not be liable for executing any such instructions or directions which Crews believe in good faith to be genuine.  The undersigned will furnish confirmations, in writing and signed by the undersigned, of previous oral or unsigned instructions or directions. If the undersigned is other than an individual, the undersigned hereby designates the person whose authorized signatures appear hereon as agent or agents of the undersigned to perform any and all acts contemplated herein on behalf of the undersigned, the authority of said agent or agents remaining in full force and effect until written notice of the termination of such authority shall have been delivered to Crews.

4.      Crews is authorized to hold the Securities in bearer form, book entry form, registered in the undersigned's name or registered in nominee name as Crews deem appropriate. Crews is also authorized to deposit and register the Securities with any central depository system or custody with a banking institution. Crews is authorized to exchange Securities for other securities where the exchange is purely ministerial as, for example, the exchange of securities in temporary form for securities in definitive form or the mandatory exchange of certificates. Further, should any securities held be called for partial redemption by the respective issuer, Crews is authorized to allot the called proration to the respective holders in any manner deemed to be fair and equitable in Crews' discretion.

5.      Crews may act upon any notice with respect to a call for redemption: provided, however Crews will not be held responsible for Crews' failure to do so unless the undersigned had instructed Crews otherwise and provided written confirmation of such instruction. Crews will take reasonable steps to notify the undersigned of any other notices received by Crews affecting the Securities, including tender offers and subscriptions rights, and Crews will take such action in respect thereto as may be directed by the undersigned. All proxies and other communications relating to voting which are received by Crews shall be mailed to the undersigned. The undersigned will at all times keep Crews advised of its current mailing address.

6.      In the event Crews advances Proceeds and credits them to the undersigned's cash account prior to Crews' collection of such from a paying agent and Crews does not receive such Proceeds from the paying agent within a reasonable time thereafter, said reasonable time to be determined by Crews in the sole discretion, the undersigned agrees to repay the credited Proceeds upon Crews' demand or Crews may debit the undersigned's cash account, any deposit account maintained by the undersigned or the undersigned's safekeeping account, if necessary, to effect such repayment.

7.      Crews is authorized in the name and on behalf of the undersigned to execute any certificates of ownership or other reports, forms, notices or statements which are or may hereafter be required by the Internal Revenue Service or any other governmental authority or commission, so far as the same are required in connection with the Securities or Proceeds.

PLAINTIFF'S
EXHIBIT
7

EXHIBIT A

PAYMENT SCHEDULE FOR
MARTINA MERTENS
Female, Born February 1, 1958
December 20, 1985

| AGE | YEAR | MONTHLY PAYMENT | MONTHLY ANNUALIZED | LUMP SUMS | CUMULATIVE |
|-----|------|-----------------|--------------------|-----------|------------|
| 27 | 1986 | $3,000.00 | $36,000.00 | | $36,000.00 |
| 28 | 1987 | $3,000.00 | $36,000.00 | | $72,000.00 |
| 29 | 1988 | $3,000.00 | $36,000.00 | | $108,000.00 |
| 30 | 1989 | $3,000.00 | $36,000.00 | | $144,000.00 |
| 31 | 1990 | $3,000.00 | $36,000.00 | | $180,000.00 |
| 32 | 1991 | $3,000.00 | $36,000.00 | $15,000.00 | $231,000.00 |
| 33 | 1992 | $3,000.00 | $36,000.00 | | $267,000.00 |
| 34 | 1993 | $3,000.00 | $36,000.00 | | $303,000.00 |
| 35 | 1994 | $3,000.00 | $36,000.00 | | $339,000.00 |
| 36 | 1995 | $3,000.00 | $36,000.00 | | $375,000.00 |
| 37 | 1996 | $3,000.00 | $36,000.00 | $25,000.00 | $436,000.00 |
| 38 | 1997 | $3,000.00 | $36,000.00 | | $472,000.00 |
| 39 | 1998 | $3,000.00 | $36,000.00 | | $508,000.00 |
| 40 | 1999 | $3,000.00 | $36,000.00 | | $544,000.00 |
| 41 | 2000 | $3,000.00 | $36,000.00 | | $580,000.00 |
| 42 | 2001 | $3,000.00 | $36,000.00 | $50,000.00 | $666,000.00 |
| 43 | 2002 | $3,000.00 | $36,000.00 | | $702,000.00 |
| 44 | 2003 | $3,000.00 | $36,000.00 | | $738,000.00 |
| 45 | 2004 | $3,000.00 | $36,000.00 | | $774,000.00 |
| 46 | 2005 | $3,000.00 | $36,000.00 | | $810,000.00 |
| 47 | 2006 | $3,000.00 | $36,000.00 | $75,000.00 | $921,000.00 |
| 48 | 2007 | $3,000.00 | $36,000.00 | | $957,000.00 |
| 49 | 2008 | $3,000.00 | $36,000.00 | | $993,000.00 |
| 50 | 2009 | $3,000.00 | $36,000.00 | | $1,029,000.00 |
| 51 | 2010 | $3,000.00 | $36,000.00 | | $1,065,000.00 |
| 52 | 2011 | $3,000.00 | $36,000.00 | $100,000.00 | $1,201,000.00 |
| 53 | 2012 | $3,000.00 | $36,000.00 | | $1,237,000.00 |
| 54 | 2013 | $3,000.00 | $36,000.00 | | $1,273,000.00 |
| * 55 | 2014 | $3,000.00 | $36,000.00 | $300,000.00 | $1,609,000.00 |
| 56 | 2015 | $3,000.00 | $36,000.00 | | $1,645,000.00 |
| 57 | 2016 | $3,000.00 | $36,000.00 | | $1,681,000.00 |
| 58 | 2017 | $3,000.00 | $36,000.00 | | $1,717,000.00 |
| 59 | 2018 | $3,000.00 | $36,000.00 | | $1,753,000.00 |
| 60 | 2019 | $3,000.00 | $36,000.00 | | $1,789,000.00 |
| 61 | 2020 | $3,000.00 | $36,000.00 | | $1,825,000.00 |
| 62 | 2021 | $3,000.00 | $36,000.00 | | $1,861,000.00 |
| 63 | 2022 | $3,000.00 | $36,000.00 | | $1,897,000.00 |
| 64 | 2023 | $3,000.00 | $36,000.00 | | $1,933,000.00 |
| 65 | 2024 | $3,000.00 | $36,000.00 | | $1,969,000.00 |
| 66 | 2025 | $3,000.00 | $36,000.00 | | $2,005,000.00 |
| 67 | 2026 | $3,000.00 | $36,000.00 | | $2,041,000.00 |

Expected payout to age 74 on 1958 CSO table      $2,293,000.00

* End of certain period

8.      If there is more than one individual undersigned all Securities and Proceeds held in our safekeeping account shall be owned by us as joint tenants with the right of survivorship and not as tenants in common and, if we are husband and wife, shall be owned by us as tenants by the entireties. In either case, all notices, directions and instructions may be given to Crews by either one of us and all Securities and Proceeds shall be withdrawable by the direction or notice by either one of us, unless Crews has received written notice from either of us that the signatures of both of us are thereafter required.

9.      The undersigned agrees to pay Crews compensation for Crews' service rendered hereunder, which compensation shall be in accordance with the rates determined by Crews from time to time. Crews is authorized in Crews' discretion to collect such compensation from any deposit account maintained by the undersigned or the undersigned's safekeeping account, if necessary. Crews is also authorized to collect from such accounts the costs or expenses of purchases and sales made upon the instructions of the undersigned and other items chargeable in connection with the safekeeping account.

10.     The undersigned will indemnify and hold Crews and Crews' agents harmless from any liability, loss, claim, damage or expenses that may occur as a result of compliance with the terms hereof, except for Crews' gross negligence or willful misconduct. Crews may at it's option insure itself against any loss but shall be under no obligation to insure for the benefit of the undersigned.

11.     Crews will provide the undersigned with confirmation of each transaction made pursuant hereto and will furnish the undersigned with statements of account periodically or upon the undersigned's request.

12.     With respect to any instructions authorizing the receipt of Securities in connection with transactions not placed through Crews, Crews shall have no duty to advise the undersigned of non-receipt of, or to take steps to obtain delivery of, Securities from third parties either against payment or free of payment. With respect to any instructions authorizing the delivery of Securities in connection with transactions not placed through Crews, Crews shall have no duty to meet the delivery date of the Securities or, if payment is involved, process the Proceeds, unless proper authorization is received by Crews within a reasonable and sufficient amount of time prior to the settlement date.

13.     The undersigned will not pledge, assign or transfer any interest in the Securities or this Agreement to any other party without Crews' prior written approval and the execution of such additional agreements as Crews may request.

14.     This agreement is terminable at the option of either the undersigned or Crews upon sixty (60) days written notice to the other party.

15.     This agreement is made in the State of Arkansas and shall be construed, and the rights and liabilities of the parties determined, in accordance with the laws of the State of Arkansas. Any dispute or controversy between the parties hereto relating to or arising out of this agreement, except to the extent that it is inconsistent with federal securities law, shall be referred to and settled by arbitration in Little Rock, Arkansas, in accordance with the rules of the National Association of Securities Dealers, Inc..

16.     As used in this Agreement, "undersigned", if more that one, shall mean all of the undersigned or each any of them, and they are jointly and severally bound.

CDALE & CO.

**ACCEPTED**

BY: CDALE & Co

**Crews & Associates, Inc.**

Customer/Date

Jenny Radek, Partner

BY

Customer/Date

Customer/Date