IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CREWS & ASSOCIATES, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **03-154-GPM** |
| | ) | |
| **SBU, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is appellant Thomas Ducey's motion to supplement the record on appeal in this case so as to include the entire record from the time the case was transferred from the U.S. District Court for the Eastern District of Missouri to this district. **(Doc. 1216).** Ducey contends that the entire file is necessary to the issues before the Court of Appeals.

A review of the record reveals that Ducey has appealed Chief U.S. District Court Judge G. Patrick Murphy's December 1, 2004, order disqualifying attorney Ducey from representing any person in the above-captioned action and barring him from any interest in anything recovered by any person in the action. **(Docs. 1187 and 1188).** Chief Judge Murphy based that ruling on the fact that Ducey had previously been disqualified from the case when it was pending in the Eastern District of Missouri. **(Doc. 1181).** That initial disqualification was based on a conflict of interest arising from Ducey's prior representation of James R. Gibson and SBU and his representation of claimants Stone and Muir in this action. **(Doc. 1181).**

Circuit Rule 10(a) prescribes what the record on appeal should automatically contain. Because the full district court record in this case is voluminous, containing 17 volumes of

1

pleadings and 14 volumes of transcripts, the Clerk of Court for this district contacted the Clerk of Court for the Court of Appeals and it was agreed that initial transmission of a limited record, along with a docket sheet listing what was contained in the full record, was appropriate.

This Court recognizes the appellant's obligation to ensure that the record on appeal contains anything conceivably relevant to the issues on appeal.  *See* **Fed.R. App.P. 10(e)(2).** However, the order being appealed is limited on its face to two straightforward issues.  Whether the Court of Appeals will construe the appeal as an attack on the entire case remains to be seen; until that time, there is no readily apparent reason to modify the record on appeal to include the entire district court case file.

**IT IS THEREFORE ORDERED** that appellant Thomas Ducey's motion to supplement the record on appeal in this case **(Doc. 1216) is DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to Circuit Rule 10(b), the Clerk of Court shall transmit a copy of this order to the Court of Appeals as part of the record on appeal.

**IT IS SO ORDERED.**

DATED: October 31, 2005

                                                   **s/ Clifford J. Proud**
                                                   **CLIFFORD J. PROUD**
                                                   **U. S. MAGISTRATE JUDGE**